Law Offices of Emmanuel G. Guerrero
**EMMANUEL G. GUERRERO #5275**
568 Halekauwila Street, 2nd Floor
Honolulu, Hawaii 96813
Tel: (808)532-2950
Fax: (808)545-2628
E-Mail: Attyegg@aol.com

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 0 9 2007

at 3 o'clock and 25 min, P M
SUE BEITIA, CLERK

ATTORNEY FOR PETITIONER
ROY TAMAYO TACATA

## IN THE UNITED STATES DISCTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROY TAMAYO TACATA, | ) | Civil Action No. CV 07 00008 SOM LE |
| | ) | CR 05-00030 SOM-02 |
| Petitioner, | ) | PETITION FOR WRIT OF HABEAS |
| | ) | CORPUS PURSUANT TO 28 |
| vs. | ) | U.S.C. §2255 AND COMPLAINT |
| | ) | FOR DECLARATORY JUDGMENT |
| UNITED STATES OF AMERICA, | ) | AND INJUNCTIVE RELIEF; |
| | ) | EXHIBITS "A" – "E"; NOTICE OF |
| JOHN RATHMAN, | ) | PETITION OF WRIT OF HABEAS |
| Warden of the Honolulu Federal | ) | CORPUS; CERTIFICATE OF |
| Detention Center, | ) | SERVICE |
| | ) | |
| Respondents. | ) | |
| | ) | |

## PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C §2255 AND COMPLAINT
## FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Petitioner, ROY TAMAYO TACATA, (hereinafter "Mr. Tacata" or

"Petitioner"), by and through his undersigned counsel, EMMANUEL G.

GUERRERO, respectfully petitions this Honorable Court to permit Mr. Tacata to

withdraw his guilty pleas entered and to vacate and set aside the Judgment and

Conviction in United States of America v. Roy T. Tacata in CR No.05-00030SOM,

United States District Court for the District of Hawaii, and for Mr. Tacata to be

released from the custody of the Respondents.  In support of this Petition and

action for declaratory judgment and injunctive relief, Petitioner alleges the

following:

## PRELIMINARY STATEMENT

1.    This Petition addresses the validity of Mr. Tacata's conviction in

United States of America v. Roy T. Tacata in CR No.05-00030SOM, entered on

August 25, 2005,  for the offenses of Possession of and Aiding and Abetting the

Possession of a Stolen Firearm and User of a Controlled Substance in Possession

of a Firearm, in violation of Title 18, U.S. Code, Sections 922(j) and 922(g)(3)

based on two theories: (1) that Mr. Tacata's guilty plea was involuntary because he

was misled as to the definite deportation consequence and (2) denial of Mr.

Tacata's 6th Amendment right to effective assistance of counsel.  Although the

Court may not be required to inform defendants of possible immigration

consequences of their guilty pleas, Mr. Tacata was misinformed as to the certainty

of his deportation.  Secondly, the 6th Amendment right to counsel requires that

defense counsel render effective assistance in preparation and trial of the case.  Mr.

Tacata contends that defense counsel failed to advise him of the automatic

deportation consequence of his plea agreement and subsequent conviction.

2.     Thereafter, the Department of Homeland Security (DHS) initiated

removal proceedings and Mr. Tacata was charged with being an alien removal

from the United States under Section 237(a)(2)(A)(iii) of the Immigration and

Nationality Act (Act) premised on his underlying conviction for violating Title 18,

U.S. Code, Sections 922(g)(3).

3.     Although this Petition questions the validity of Mr. Tacata's

convictions, some very brief background may be of assistance to the Court.

4.     On March 18, 2005, Mr. Tacata pled guilty before the Honorable

KEVIN S.C. CHANG to 18 USC, Sections 922(j) and 922(g)(3), for Possession of

and Aiding and Abetting the Possession of a Stolen Firearm and User of a

Controlled Substance in Possession of a Firearm.

5.     Based on his convictions, the Department of Homeland Security

(hereinafter "DHS") initiated removal proceedings against Petitioner alleging his

convictions made him removable, (See the Notice to Appear, attached hereto a s

Exhibit "A").

6.     On June 22, 2006, Immigration Judge DAYNA BEAMER (IJ)

granted the DHS' petition and ordered Mr. Tacata deported and removed pursuant

to Section 237(a)(2)(A)(iii) based on 922(g)(3) being an aggravated felony and

deportable offense as referenced in Section 101(a)(43)(E) of the Act.  (See IJ's

Order dated June 22, 2006, attached hereto as Exhibit "B")

      7.    Mr. Tacata's alleges his pleas were not voluntarily entered before the

Honorable KEVIN S.C. CHANG because Mr. Tacata was not informed that

deportation was a definite consequence of conviction.  The Court advised Mr.

Tacata that "a conviction might affect [his] right to remain in the country," when in

fact Mr. Tacata's conviction would result in automatic removal.

      8.    Mr. Tacata pled guilty to Title 18, U.S. Code, Sections 922(g)(3) and

922(j).  Based on the Section 922(g) conviction referenced in Section

101(a)(43)(E) of the Act as an 'aggravated felony,' the IJ found a deportable

offense.  Removal proceedings were commenced pursuant to Section

237(a)(2)(A)(iii).  Because Mr. Tacata was told of the possibility of immigration

consequences, i.e., that his status to remain in the country "might" be affected,

instead of being deported without any relief to remain in the country, his plea was

not voluntary with a full understanding of the consequences.  Secondly, Mr. Tacata

alleges his 6th Amendment right to adequate representation of counsel was violated

by defense counsel's failure to correctly advise Mr. Tacata concerning the

deportation consequence of his guilty plea.  For these reasons, this Honorable

Court should permit Mr. Tacata to withdraw his guilty pleas pursuant to Rule 11(e)

of the Federal Rules of Criminal Procedure (FRCP) and to vacate and set aside,

Mr. Tacata's Judgment and Conviction in this matter.

## JURISDICTION

9.    This action arises under the Constitution of the United States, the

Immigration and Nationality Act, and that Petitioner seeks to withdraw his guilty

pleas pursuant to Rule 11(e) of the FRCP in that his guilty pleas were not entered

knowingly and, therefore, voluntarily entered.

10.    Petitioner asserts jurisdiction pursuant to subsection 4 of 28 U.S.C.

§2255.

11.    Petitioner only became aware of the facts supporting his claim

through the exercise of due diligence on or about September, 2006 after the Board

of Immigration Appeals ("BIA") decision, when the Petitioner discovered the error

in the Transcripts of the Change of Plea Proceeding held on March 18, 2005.

12.    Petitioner was of the belief that his conviction was not an aggravated

felony. Petitioner was misinformed by the Court that his guilty plea did not result

in automatic deportation during his March 18, 2005 Plea Proceeding. (See District

Court Transcript of Proceedings for March 18, 2005 (change of plea), attached

hereto as Exhibit "C").

13.    On June 1, 2006, Mr. Tacata was served with a Notice to Appear by

the Department of Homeland Security ("DHS") charging Mr. Tacata with being

removable pursuant to Section 237(a)(2(E)(iii) of the INA for an aggravated felony based on his conviction under 18 USC §924(g)(3) and 922(j), as a User of a Controlled Substance in Possession of a Firearm and Possession of and Aiding and Abetting the Possession of a Stolen Firearm.

14.    Petitioner then requested for discovery of the Transcripts of Proceedings.  It was at this time Mr. Tacata discovered the Court misinforming Petitioner of the possible deportation consequences a guilty plea as opposed to the proper advice of informing Petitioner of the automatic deportation consequence.

## VENUE

15.    Venue lies in the United States District Court for the District of Hawaii, the judicial district where the Petitioner resides, is detained, and where Mr. Tacata entered his guilty plea.

## PARTIES

16.    Petitioner Roy Tamayo Tacata is a native and citizen of the Philippines who entered the United States lawfully on an immigrant visa.

17.    Respondent United States of America obtained the guilty pleas from Petitioner, and as a result Petitioner has been ordered removed from the United States.

18.    Respondent John Rathman is the Warden of the Honolulu Federal Detention Center, where Mr. Tacata is currently detained under the authority of

Department of Homeland Security, alternatively may be considered to be Petitioner

Tacata's immediate custodian.

## FACTUAL AND PROCEDURAL BACKGROUND

19.     On March 18, 1993, Mr. Tacata entered the United States,

approximately 13 years ago as a Legal Permanent Resident.

20.     On March 18, 2005, Mr. Tacata, under the advice of counsel, pled

guilty to Possession of and Aiding and Abetting the Possession of a Stolen Firearm

and User of a Controlled Substance in Possession of a Firearm, in violation of Title

18 U.S. Code, Sections 922(j) and 922(g).

21.     During the March 18, 2005 proceedings the following exchanges
occurred:

THE COURT:          Ms. Faymonville, is the defendant's guilty pleas
before the Court today pursuant to your advice and recommendation?

MS. FAYMONVILLE:   It is, your honor.

THE COURT:          Mr. Tacata, are you satisfied or fully satisfied with
the legal representation that you've received from Ms. Faymonville your attorney
in this case?

THE DEFENDANT:     Yes, your honor.

THE COURT:          What are the maximum penalties?

MR. SILVERBERG:     Yes, they are the same for each offense, Judge.
Ten years imprisonment, $250,000.00 fine, supervised release of two to three
years, and a $100.00 special assessment.

THE COURT:          Mr. Tacata, do you understand that these are the
possible penalties which you would face if you enter guilty pleas to the charges in
this case?

THE DEFENDANT:        Yes, your honor.

THE COURT:            Ms. Faymonville, do you agree with Mr.—Mr. Silverberg's summary as to the possible penalties?

MS. FAYMONVILLE:  Yes, I do.

. . .

THE COURT:            Mr. Tacata, are you a citizen of the United States?

THE DEFENDANT:        No, your honor.

THE COURT:            Do you understand that a conviction in this case **might** affect your right to remain in the country?

THE DEFENDANT:        Yes, your honor.

(Tr. 3/18/05, p. 7-8) (Emphasis added).

22.    On or about May 8, 2006, Mr. Tacata was served with a Notice to Appear by the Department of Homeland Security ("DHS") charging Mr. Tacata with being removable pursuant to Section 237(a)(2(E)(iii) of the INA for an aggravated felony based on his conviction under 18 USC §924(g)(3) and 922(j), as a User of a Controlled Substance in Possession of a Firearm and Possession of and Aiding and Abetting the Possession of a Stolen Firearm.

23.    On June 22, 2006, Immigration Judge Dayna Beamer ("IJ") ordered Mr. Tacata removed to the Philippines pursuant to Section 237(a)(2)(A)(iii) based on his 922(g)(3) conviction being an aggravated felony and deportable offense as referenced in Section 101(a)(43)(E) of the Act.

24.    On July 13, 2006, Mr. Tacata appealed the IJ's Order of Removal to the Board of Immigration Appeals ("BIA").

25.    On August 31, 2006, the BIA affirmed the IJ's decision. (See Exhibit "D" – BIA Order)

26.    Petitioner is presently in custody at the Federal Detention Center ("FDC") awaiting his removal from the United States to Philippines.

## EXHAUSTION OF REMEDIES

27.    The BIA and the Immigration Court has had full opportunity to consider Petitioner's claim and that Mr. Tacata has exhausted any and all administrative remedies pursuant to 8 U.S.C.S. § 1252(d).

## CUSTODY

28.    Mr. Tacata is in custody at the FDC, Honolulu, Hawaii, on the strength of the IJ's Order of Removal.

## IRREPARABLE HARM

29.    Mr. Tacata would suffer irreparable harm if he is removed to the Philippines since he would be separated from his friends, family, and employment. Mr. Tacata would have difficulty obtaining another visa to the United States considering his conviction and the stringent immigration process required when entering from the Philippines.

## FIRST CLAIM FOR RELIEF

**(The guilty plea was not voluntary made pursuant to Rule 11(b)(2) of the Federal Rules of Criminal Procedure since the Court incorrectly informed the Petitioner that he might be subject to deportation, when in fact he was subject to automatic deportation.)**

30.    Petitioner incorporates by reference paragraphs 1 through 29, above, as if set forth in full and at length herein.

31.    Petitioner acknowledges that certain effects of guilty pleas are collateral and the Court need not explain them to a defendant to ensure a voluntary plea. United States v. Russell, 222 U.S. App. D.C. 313, 686 F.2d 35, 38 (D.C. Cir. 1982). Judges are not required to inform defendants of all possible outcomes of guilty pleas that may result from a conviction. U.S. v. Ndikum, 1990 U.S. Dist. LEXIS 17677, 1 (9th Cir.). In addition, it is well established in the 9th Circuit that the deportation consequence to a guilty plea is a collateral consequence. Fruchtman v. Kenton, 531 F.2d 946, 949 (9th Cir.), cert. denied, 429 U.S. 895 (1976). See U.S. v. Fry, 322 F.3d 1198 (9th Cir. App.)(2003)(habeas relief denied where defense counsel failed to inform the defendant of possible deportation since immigration consequences are collateral consequences). "The collateral consequences flowing from a plea of guilty are so manifold that any rule requiring a district judge to advise a defendant of such a consequence [the risk of deportation] as that here involved would impose an unmanageable burden on the

trial judge." Id. However, it is Petitioner's position that the issue of whether the Court's misstatement of the automatic deportation consequence of a guilty plea is not a collateral matter, and that as a result, Petitioner is of the good faith belief that Petitioner's plea was not voluntarily entered in accordance with Rule 11(b)(2) of the Federal Rules of Criminal Procedure.

32.    The Court misinformed Petitioner Tacata as to the possible repercussions of entering a guilty plea. The Court's instruction to Tacata that a guilty plea "might affect" his right to remain in the country was legally incorrect.

33.    The charge to which Mr. Tacata plead guilty to is an aggravated felony under §101(a)(43) of the INA.

34.    For immigration purposes, an aggravated felony has dire consequences from which there is no relief from deportation. Lopez v. Gonzales, 549 U.S. _____, 2006 U.S. LEXIS 9442 (U.S. 2006, slip opinion dated December 5, 2006).

35.    Lopez makes a distinction between simple felonies and aggravated felony in stating, "an aggravated felony on a criminal record has worse collateral effects than a felony simple. Under the immigration statutes, for example, the attorney General's discretion to cancel removal of a person otherwise deportable does not reach a convict of an aggravated felony." Id. at 2006 U.S. LEXIS 9442, *8.

36.    If Petitioner had not plead guilty to an aggravated felony, although Mr. Tacata would be subject to deportation he would be eligible for certain relief such as cancellation of removal under §240(A)(a) of the Immigration and Nationality Act (INA).

37.    During his change of plea, the Court incorrectly advised Mr. Tacata as to deportation consequences, i.e., that he "might" be deported, as opposed to automatic deportation, and therefore Mr. Tacata's guilty pleas were not voluntary as required and mandated by Rule 11(b)(2) of Federal Rules of Criminal Procedure. Zhang v. U.S., (2005, ED NY) 401 F. Supp. 2d 233.(Court found that inmate's plea was involuntary when the Court and Government attorney made affirmative misrepresentations that a guilty plea to an aggravated felony could result in deportation as opposed to automatic deportation.).

38.    It is Petitioner's contention that although deportation consequence are a collateral matter, once the judge informed the Petitioner of deportation consequences, it is no longer collateral and is part of the inquiry as to whether or not Petitioner's guilty pleas were made knowingly and voluntarily made. Id.

39.    Had the Court properly informed Petitioner that a guilty plea would undoubtedly affect his status to remain in the country, Petitioner would have been aware of the automatic deportation consequence resulting from a guilty plea, and

therefore either proceed with trial and/or proffer offer of settlements to the

Government for Petitioner to plead to charges that were not an aggravated felony.

40.     The guilty pleas entered into by Mr. Tacata during plea proceeding,

therefore were not made knowingly, and therefore did not amount to a voluntary

plea.

## SECOND CLAIM FOR RELIEF

**(Petitioner 6th Amendment right to effective assistance of counsel was violated**

**by defense counsel's failure to advise Petitioner of the automatic deportation**

**consequence of the guilty plea.)**

41.     Petitioner incorporates by reference paragraphs 1 through 40, above,

as if set forth in full and at length herein.

42.     To establish ineffective assistance of counsel, a petitioner must show

that (1) counsel's performance was deficient and (2) the deficient performance

prejudiced her. Strickland v. Washington, 466 U.S. 668, 687-88, 694, 80 L. Ed. 2d

674, 104 S. Ct. 2052 (1984).

43.     While it is well established that a failure to inform a defendant of

deportation is not objectively unreasonable, affirmative misrepresentation about

even a collateral consequence of a plea constitutes ineffective assistance of

counsel. U.S. v. Kwan, 407 F.3d 1005 (9th Cir. 2005)(9th Circuit held that counsel

was constitutionally ineffective in affirmatively misleading and failing to fully

inform defendant as to the immigration consequences of his conviction.), see also

U.S. v. Couto, 311 F.3d 179, 183-84 (2d. Cir. 2002).

44.    The Court and Ms. Faymonville's actions, in misinforming Tacata as

to possible relief from removal, amounted to performance objectively unreasonable

under contemporary standards for attorney competence.

45.    The American Bar Association's Standards for Criminal Justice

further provides that if a defendant, as in Mr. Tacata's case, "will face deportation

as a result of a conviction, defense counsel 'should fully advise the defendant of

these consequences." INS v. St. Cyr, 533 U.S. 289, 150 L.Ed 2d 347, 121 S.Ct.

2271 (2001) at 323 n.48 (quoting 3 ABA Standards for Criminal Justice 14-3.2

Comment, 75 (2d e. 1982)).

46.    Ms. Faymonville's ineffectiveness as counsel lies in her failure to

fully advise her client of the proper immigration consequences.  Subsequently, if

the reason for Ms. Faymonville's failure been due to a lack of knowledge

immigration, Ms. Faymonville should have deferred to an attorney having

expertise in this field.  Id.

47.    The Court and Ms. Faymonville's action, in misadvising Tacata

during plea proceedings, constituted performance that fell below objectively

reasonable contemporary standards for attorney competence and thus a violation of

petitioner's 6th Amendment right.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner Tacata prays that this Court grant the following relief:

1) Assume jurisdiction over this matter;

2) Grant Petitioner a writ of habeas corpus directing the Respondents to immediately release Petitioner from custody;

3) Enter preliminary and permanent injunctive relief enjoining Respondents from further unlawful detention of Petitioner;

4) Award Petitioner attorney's fees and costs under the Equal Access to Justice Act, as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and any other basis justified under law; and

5) Grant any other and further relief that this Court deems just and proper.

_____
EMMANUEL G. GUERRERO
Attorney for Petitioner


I affirm, under penalty of perjury, that the foregoing is true and correct.

Executed on _____JAN. 08, c_____, 2007.

_____
ROY TAMAYO TACATA
Petitioner

15