EXHIBIT "B"

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT, HONOLULU, HAWAII

In the Matter of:                                    Case No.: A43-970-374

**TACATA, ROY TAMAYO**                               Docket: Honolulu, HI
                                                     Date: June 22, 2006

(Respondent)                                         IN REMOVAL PROCEEDINGS

### ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision solely for the convenience of the parties. If the proceedings should be appealed or reopened, the oral decision will become the official opinion in the case.

[✓] Respondent was ordered removed from the United States to __Philippines__.

[ ] Respondent's application for voluntary departure was denied and respondent was ordered removed to _____ or in the alternative to _____.

[ ] Respondent's application for voluntary departure was granted until _____ upon posting of a bond in the amount of $ _____ within 5 business days and with an alternate order of removal to _____. Respondent advised of limitations on discretionary relief for failure to appear as ordered in the Immigration Judge's oral decision.

[ ] Respondent's application for cancellation of removal under section 240A (a) was
   ( ) granted  ( ) denied  ( ) withdrawn.

[ ] Respondent's application for cancellation of removal under section 240A (b) was
   ( ) granted  ( ) denied  ( ) withdrawn  ( ) reserved.

[ ] Respondent's application for a waiver under section _____ of the INA was
   ( ) granted  ( ) denied  ( ) withdrawn.

[ ] Respondent's application for adjustment of status under section _____ of the INA was
   ( ) granted  ( ) denied  ( ) withdrawn.

[ ] Respondent is admitted to the United States as a _____ until _____.

[ ] Respondent's application for asylum was           ( ) granted  ( ) denied  ( ) withdrawn.
   If asylum granted, see Bulletin Board for Benefits and Responsibilities.

[ ] Respondent's application for section 241 withholding of removal was
   ( ) granted  ( ) denied  ( ) withdrawn.

[ ] Withholding of Removal/Deferral of Removal under UN Torture Convention was
   ( ) granted  ( ) denied  ( ) withdrawn.

[ ] Your application is granted; you must contact DHS for issuance of new documents.

[ ] Proceedings were terminated.

[✓] __Termination denied__

DAYNA BEAMER
Immigration Judge

Appeal: Reserved / Waived (Alien/DHS/Both)
Appeal to BIA due: July 24, 2006
✓ Appeal packet provided    _____ Post Order Instructions provided

000054

Alien No.: A43-970-374                                    Alien Name: TAUATA. ROY TAMAYO

## LIMITATIONS ON DISCRETIONARY RELIEF FOR FAILURE TO APPEAR

( ) 1. You have been scheduled for a removal hearing, at the time and place set forth on the attached sheet. Failure to appear for this hearing other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. below) for a period of ten (10) years after the date of entry of the final order of removal.

( ) 2. You have been scheduled for an asylum hearing, at the time and place set forth on the attached notice. Failure to appear for this hearing other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. below) for a period of ten (10) years from the date of your scheduled hearing.

( ) 3. You have been granted voluntary departure from the United State pursuant to section 240B of the Immigration and Nationality Act, and remaining in the United States beyond the authorized date other than because of exceptional circumstances beyond your control**will result in your being ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. below) for ten (10) years from the date of the scheduled departure or the date of unlawful reentry, respectively. Your voluntary departure bond, if any, will also be breached. Additionally, if you fail to voluntarily depart the United States within the time period specified, you shall be subject to a civil penalty of not less than $1000 and not more than $5000.

(✓) 4. An order of removal has been entered against you. If you fail to appear pursuant to a final order of removal at the time and place ordered by the DHS, other than because of exceptional circumstances beyond your control** you will not be eligible for certain forms of relief under the Immigration and Nationality Act (see Section A. below) for ten (10) years after the date you are scheduled to appear.

**the term "exceptional circumstances" refers to circumstances such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances.

A. THE FORMS OF RELIEF FROM REMOVAL FOR WHICH YOU WILL BECOME INELIGIBLE ARE:
   1) Voluntary departure as provided for in section 240B of the Immigration and Nationality Act;
   2) Cancellation of removal as provided for in section 240A of the Immigration and Nationality Act; and
   3) Adjustment of status or change of status as provided for in Section 245, 248 or 249 of the Immigration and Nationality Act.

This written notice was provided to the alien in English. Oral notice of the contents of this notice must be given to the alien in his/her native language, or in a language he/she understands by the Immigration Judge.

Date: _____
Immigration Judge: _____ or Court Clerk: _____

---

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:   MAIL (M)   PERSONAL SERVICE (P)
TO:   [ ] ALIEN   [ ] ALIEN c/o Custodial Officer   [✓] Alien's ATT/REP   [✓] DHS
DATE:   6/22/06   BY: COURT STAFF _____
Attachments:   [ ] EOIR-33   [ ] EOIR-28   [ ] Legal Services List   [ ] Other

000055

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
Honolulu, Hawaii

File No.: A 43 970 374                              June 22, 2006

In the Matter of          )
                          )
ROY TAMAYO TACATA         )    IN REMOVAL PROCEEDINGS
                          )
        Respondent        )

CHARGES:    Section 213(a)(2)(A)(iii) Immigration and
            Nationality Act - alien convicted of aggravated
            felony firearm offense; Section 237(a)(2)(B)(i)
            Immigration and Nationality Act - alien convicted
            of controlled substances violation.

APPLICATIONS:   Termination.


ON BEHALF OF RESPONDENT:            ON BEHALF OF DHS:
                                    Keith
Emmanuel Guerrero, Esquire          Heath Kaneshige,
                                    Assistant Chief Counsel


ORAL DECISION OF THE IMMIGRATION JUDGE

The respondent is a 34-year-old, native and citizen of the Philippines. The Department alleges that he was admitted as an F-33 immigrant at Honolulu on March 18, 1993. The Department further alleges that he was convicted for both Federal and State of Hawaii offenses which render him removable, discussed further below.

Proceedings were commenced with the filing of a Notice to Appear with the Immigration Court at Honolulu on June 1, 2006. See Exhibit 1. The respondent, with the assistance of counsel, admitted allegations 1, 2, and 3, contested allegations 4 and 5

1

and contested both charges of removability. The respondent designated the Philippines should that be deemed necessary and waived any application for asylum, withholding, or Torture Convention relating to the Philippines.

A briefing schedule was agreed upon and this is memorialized in the record of Master Calendar appearance at which time respondent indicated that in addition to termination he would research whether he would be eligible for cancellation of removal.

The individual hearing was conducted on June 22, 2006. Exhibits 1, 2, and including 3 were received and respondent's objections to the conviction records were voiced. The respondent did not testify as the thrust of the case was termination as a matter of law. The application for cancellation of removal was not filed.

Turning first to the charge of removability under Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, the Court first turns to the aggravated felony reference to Section 101(a)(43)(E) of the Act and the reference within that to (ii) referencing Section 922(g)(3) of Title 18 United States Code. The respondent argues that the judgement in the criminal case no. 1:05CR00030-002, entered on August 22, 2005, is too broad to sustain removability. Looking at count 2, which is described on page 2 of the judgement, it is clear that respondent was convicted in the United States District Court, District of

Hawaii, for Section 18 U.S.C. 922(g)(3) for an offense that was concluded on October 6, 2004. In looking at the first superceding indictment, count 2 is described and does specifically reference knowing possession and effecting commerce regarding a firearm, described as a Beretta Model 92FS 9mm caliber semi-automatic pistol which had been manufactured in Maryland and shipped and transported to Hawaii. The Court has reviewed the Statute and finds that the reference to 18 U.S.C. 924(a)(2) has to do with sentencing for the offense and is not in contradiction to a finding that respondent is removable for having been found guilty of a violation of 18 U.S.C. 922(g)(3). Therefore, the Court finds that the Department has met its burden of proof to establish removability on the first charge, that respondent is removable pursuant to Section 237(a)(2)(A)(iii) of the Act referencing Section 101(a)(43)(E) of the Act with the reference to 18 U.S.C. Section 922(g)(3).

Finding that respondent is removable on the more serious aggravated felony charge, that means that respondent is not eligible for cancellation of removal for certain permanent residents.

Finding respondent is removable on the aggravated felony charge, respondent has also argued that he is not removable for the controlled substances violation because the State Court granted him a deferred acceptance of the no contest plea regarding the offense of *promoting a dangerous drug in the 3rd*

A 43 970 374                   3                   June 22, 2006

000058

*degree*. The Court will not reach a finding on removability for this alternate charge at this time.

Finding that the respondent is removable on the aggravated felony charge, and that there is no other relief available where the respondent is not a refugee nor in fear of torture in his homeland, the following order shall be entered:

### ORDER

IT IS HEREBY ORDERED that the respondent be removed from the United States to the Philippines on the first charge contained in the Notice to Appear referencing Section 237(a)(2)(A)(iii) of the Act.

*[signature: Dayna Beamer]*

DAYNA BEAMER
Immigration Judge

\* Reviewed for clerical errors and without benefit of Record of Proceedings or tapes on August 16, 2006.

A 43 970 374                              4                         June 22, 2006

CERTIFICATE PAGE

I hereby certify that the attached proceeding before JUDGE DAYNA BEAMER, in the matter of:

ROY TAMAYO TACATA

43 970 374

Honolulu, Hawaii

is an accurate, verbatim transcript of the cassette tape as provided by the Executive Office for Immigration Review and that this is the original transcript thereof for the file of the Executive Office for Immigration Review.

_Elizabeth M. Novak_
Elizabeth M. Novak, Transcriber

Free State Reporting, Inc.
1324 Cape St. Claire Road
Annapolis, Maryland  21401
(301) 261-1902

July 28, 2006
(completion date)

By submission of this CERTIFICATE PAGE, the Contractor certifies that a Sony BEC/T-147, 4-channel transcriber or equivalent, as described in Section C, paragraph C.3.3.2 of the contract, was used to transcribe the Record of Proceeding shown in the above paragraph.



