**EXHIBIT "C"**

Jessica B. Cahill

467 Maukele Place
P.O. Box 1652
Wailuku, Maui, HI 96793

# Invoice

| Date | Invoice # |
|------|-----------|
| 6/16/2006 | 427 |

| Bill To |
|---------|
| Emmanuel Guerrero, Esq.<br>568 Halekauwila Street, 2nd Floor<br>Honolulu, Hawaii 906813 |

| | P.O. No. | Taxpayer ID # |
|---|----------|---------------|
| | | |

| Description | Rate | Pages | Amount |
|-------------|------|-------|--------|
| USA v. Roy Tacata, Cr. No. 05-00030SOM, Transcribe hearing held March 18, 2005 (expedited transcript) | 4.45 | 21 | 93.45T |
| Federal Express (original transcript to USDC) | 7.09 | | 7.09 |
| Priority Mail (copy of transcript to Emmanuel Guerrero, Esq.) | 4.05 | | 4.05 |

Transcript will be sent upon receipt of payment.  Thank you.

| | |
|---|---|
| **Subtotal** | $104.59 |
| **Sales Tax (4.16%)** | $3.89 |
| **Total** | $108.48 |

| Phone # |
|---------|
| (808)244-0776 |

<pre>
 1                    UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF HAWAII
 2
     UNITED STATES OF AMERICA,      )    Case No. CR05-00030SOM
 3                                  )
                    Plaintiff,      )    Honolulu, Hawaii
 4                                  )    March 18, 2005
                                    )    11:07 a.m.
 5             v.                   )
                                    )
 6   ROY T. TACATA,                 )    COPY
                                    )
 7                  Defendant.      )
     _____)
 8


 9     TRANSCRIPT OF WITHDRAWAL OF NOT GUILTY PLEA AND TO PLEAD ANEW
              BEFORE THE HONORABLE KEVIN S.C. CHANG
10                 UNITED STATES MAGISTRATE JUDGE.

11   APPEARANCES:

12   For the Plaintiff:          U.S. ATTORNEY'S OFFICE
                                 By:  MARSHALL SILVERBERG, ESQ.
13                               300 Ala Moana Boulevard, #6100
                                 Honolulu, Hawaii 96850
14
     For the Defendant:          FEDERAL PUBLIC DEFENDER'S OFFICE
15                               By:  LORETTA FAYMONVILLE, ESQ.
                                 300 Ala Moana Boulevard, #7-104
16                               Honolulu, Hawaii 96813

17

18   Transcriber:               Jessica B. Cahill
                                 P.O. Box 1652
19                               Wailuku, Maui, Hawaii 96793
                                 Telephone: (808)244-0776
20

21

22

23   Proceedings recorded by electronic sound recording, transcript
     produced by transcription service
24

25
</pre>

```
 1              THE CLERK:  In the United States District Court for
 2    the District of Hawaii, with the Honorable Kevin S.C. Chang
 3    presiding is now in session.
 4              Criminal number 05-30SOM, United States of America
 5    versus defendant two Roy Tacata.  This case has been called for
 6    a hearing on a motion for withdrawal of not guilty plea and to
 7    plead anew.  May I have your appearances?
 8              MR. SILVERBERG:  Good morning, your Honor, Marshall
 9    Silverberg on behalf of the United States.
10              THE COURT:  Good morning.
11              MS. FAYMONVILLE:  Good morning, your Honor, Lori
12    Faymonville present with Roy Tacata and our previously sworn
13    interpreter Roger Clemente.
14              Your Honor, Mr. Tacata is able to understand a lot as
15    long as the person who is speaking doesn't speak too fast.  And
16    he's -- he's decided, if it's okay with the Court, that he will
17    touch me or whatever, or let me know if there's something that
18    he needs to have interpreted, or explained, or whatever.
19              So, if we can interrupt I'll just say excuse me, your
20    Honor, or whatever, and then I'll figure out what it is, and
21    then we'll come back.  If that will be all right with the Court.
22              THE COURT:  And -- and that's fine with me, Mr.
23    Tacata.  We really need to make sure that you understand and
24    comprehend everything that is said today.  Do you understand
25    that?
```

1          So, whether you tap Ms. Faymonville your attorney, or

2    you sim -- you simply ask the interpreter Mr. Clemente for some

3    assistance I want you to do whatever you feel most comfortable

4    with --

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  -- to make sure that you understand.

7    Okay.

8          THE DEFENDANT:  Okay.

9          THE COURT:  All right.  Mr. Clemente -- excuse me, Mr.

10   Clemente, do you understand that?

11         THE INTERPRETER:  Yes, your Honor.

12         THE COURT:  All right.  So, Mr. Tacata, is it your

13   intention this morning to plead guilty to Counts 1 and 2 of the

14   superseding indictment?

15         THE DEFENDANT:  Yes, your Honor.

16         THE COURT:  Before I can accept your guilty plea I

17   must know that you understand what you're doing, that you're

18   pleading guilty freely and voluntarily, that there is a factual

19   basis for your change of plea, and that the ends of justice

20   would be met to allow you to change your plea.

21         To make sure that you understand I'm going to ask you

22   some questions.  If you do not understand any of the words or

23   the questions will you please say so?

24         THE DEFENDANT:  Yes, your Honor.

25         THE COURT:  All right.  Because everything is being

1    recorded today I'm going to ask you to keep your voice up.

2    Okay.

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  All right.  Would you administer the oath

5    to Mr. Tacata?

6                              ROY TACATA

7    Was called by the Court and after having been first duly sworn

8    was examined and testified as follows:

9              THE COURT:  Mr. Tacata, what is your full name?

10             THE DEFENDANT:  Roy Tacata -- (inaudible) Tacata, sir.

11             THE COURT:  Okay.  How old are you?

12             THE DEFENDANT:  33 years old.

13             THE COURT:  And how far did you go in school?

14             THE DEFENDANT:  I graduated high school in the

15   Philippines.

16             THE COURT:  Have you taken any medication, alcohol, or

17   drugs of any kind today?

18             THE DEFENDANT:  No, your Honor.

19             THE COURT:  Do you feel well and alert today?

20             THE DEFENDANT:  Yes, your Honor.

21             THE COURT:  Do you understand what is going on?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  Have you been treated recently for any

24   mental illness or addiction to narcotic drugs?

25             THE DEFENDANT:  No, your Honor.

1           THE COURT:  Ms. Faymonville, to the best of your

2    knowledge is the defendant fully competent to enter a valid plea

3    today?

4           MS. FAYMONVILLE:  Yes, your Honor.

5           THE COURT:  The Court finds that the defendant is

6    fully competent and capable of entering an informed plea.  Mr.

7    Tacata, if you choose to enter a guilty plea in this case you

8    have the right to enter that plea before a United States

9    District Judge.

10          If you consent, however, you may enter your guilty

11   plea before me a United States Magistrate Judge.  If you enter a

12   guilty plea here today Judge Mollway would impose sentence at a

13   later hearing.  Do you understand that?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  I have before me a document entitled

16   consent to Rule 11 plea in a felony case before a United States

17   Magistrate Judge.  Mr. Tacata, did you sign this document?

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  Is it your wish to consent to enter your

20   plea before me a Magistrate Judge and to give up or waive your

21   right to enter that plea before a United States District Judge?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  Ms. Faymonville, have you discussed the

24   consent form with your client?

25          MS. FAYMONVILLE:  I have, your Honor.

```
 1                 THE COURT:  And are you satisfied that he understands

 2    it?

 3                 MS. FAYMONVILLE:  Yes, your Honor.

 4                 THE COURT:  Have you also signed the document?

 5                 MS. FAYMONVILLE:  Yes, I have.

 6                 THE COURT:  The Court finds that the defendant has

 7    consented to enter his plea before a United States Magistrate

 8    Judge.

 9                 Mr. Tacata, has anyone made any promise or assurance

10    of any kind to you in an effort to get you to plead guilty?

11                 THE DEFENDANT:  No, your Honor.

12                 THE COURT:  Has anyone attempted in any way to force

13    you to plead guilty, or to pressure you, or threaten you in any

14    way?

15                 THE DEFENDANT:  No, your Honor.

16                 THE COURT:  Do you understand the charges in this

17    case?

18                 THE DEFENDANT:  Yes, your Honor.

19                 THE COURT:  Have you received a copy of the

20    superseding indictment that is the written charges made against

21    you in this case?

22                 THE DEFENDANT:  Yes, your Honor.

23                 THE COURT:  Have you fully discussed the charges and

24    all of the facts surrounding the charges with Ms. Faymonville

25    your attorney?
```

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Ms. Faymonville, is the defendant's guilty

3    pleas before the Court today pursuant to your advice and

4    recommendation?

5          MS. FAYMONVILLE:  It is, your Honor.

6          THE COURT:  Mr. Tacata, are you satisfied or fully

7    satisfied with the legal representation that you've received

8    from Ms. Faymonville your attorney in this case?

9          THE DEFENDANT:  Yes, your Honor.

10         THE COURT:  What are the maximum possible penalties?

11         MR. SILVERBERG:  Yes, they're the same for each

12    offense, Judge.  Ten years imprisonment, $250,000.00 fine,

13    supervised release of two to three years, and a $100.00 special

14    assessment.

15         THE COURT:  Mr. Tacata, do you understand that these

16    are the possible penalties which you would face if you enter

17    guilty pleas to the charges in this case?

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  Ms. Faymonville, do you agree with Mr. --

20    Mr. Silverberg's summary as to the possible penalties?

21         MS. FAYMONVILLE:  Yes, I do.

22         THE COURT:  Mr. Tacata, if you are convicted of more

23    than one offense the Court has the authority to order

24    consecutive sentences.  If the Court did so it would mean that

25    you would have to serve those sentences one at a time.  Do you

1  understand that?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  During a period of supervised release you

4  must comply with the set of conditions which will be explained

5  to you by a probation officer.  Those conditions will include

6  requirements that you obey the law, that you report as required

7  to the probation officer, and other conditions.

8          If the Court finds that you violated any of those

9  conditions you could be required to serve additional prison

10 time.  Do you understand that?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  Are you presently on probation, parole, or

13 supervised release from any other case?

14         THE DEFENDANT:  No, your Honor.

15         THE COURT:  Mr. Silverberg, does the United States

16 contend that any felony offense to which the defendant is today

17 pleading guilty occurred while he was released on bond in

18 relation to some other Federal criminal charge?

19         MR. SILVERBERG:  No, your Honor.

20         THE COURT:  Mr. Tacata, are you a citizen of the

21 United States?

22         THE DEFENDANT:  No, your Honor.

23         THE COURT:  Do you understand that a conviction in

24 this case might affect your right to remain in the country?

25         THE DEFENDANT:  Yes, your Honor.

1          THE COURT:  If you are convicted of the charge in this
2     case you may lose valuable civil rights, including the right to
3     vote, the right to hold public office, the right to serve on a
4     jury, and the right to possess any kind of a firearm.  Do you
5     understand that?
6          THE DEFENDANT:  Yes, your Honor.
7          THE COURT:  Mr. Tacata, the United States Sentencing
8     Commission has issued guidelines for judges to use in
9     determining the sentence in a criminal case.
10          While judges are not bound to apply the guidelines
11     judges must consult the guidelines and take them into account in
12     determining the sentence.  Have you and your attorney talked
13     about how the guidelines might apply to your case?
14          THE DEFENDANT:  Yes, your Honor.
15          THE COURT:  Do you understand that the Court will not
16     be able to determine the advisory guideline sentence for your
17     case until after the presentence report has been completed --
18          THE DEFENDANT:  Yes, your Honor.
19          THE COURT:  -- and you and the Government have had an
20     opportunity to challenge the reported facts and the application
21     of the guidelines recommended by the probation officer, and that
22     the sentence imposed may be different from any estimate your
23     attorney may have given you?
24          THE DEFENDANT:  Yes, your Honor.
25          THE COURT:  Do you also understand that after your

1   advisory guideline range has been determined the Court has the

2   discretion and the authority to depart from the guidelines and

3   to impose a sentence that is more severe or less severe than the

4   sentence indicated in the advisory sentencing guideline range?

5           THE DEFENDANT:  Yes, your Honor.

6           THE COURT:  Do you understand that Judge Mollway will

7   also determine your sentence based on admissions that you make

8   at this change of plea hearing?

9           THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  Do you understand that you do not have to

11  admit to factual matters in dispute, but if you do admit to

12  certain facts at this hearing Judge Mollway will rely on your

13  admissions at the time of sentencing and that your admissions

14  may increase your sentence?

15          THE DEFENDANT:  Yes, your Honor.

16          THE COURT:  If the sentence is more severe or worse

17  than you expected you will still be bound by your plea.  Even if

18  you do not like the sentence imposed by the Court you will not

19  be able to withdraw your plea.  The time to make that decision

20  is now.  Do you understand that?

21          THE DEFENDANT:  Yes, your Honor.

22          THE COURT:  Parole has been abolished.  If you are

23  sentenced to prison you will not be released on parole.  Do you

24  understand that?

25          THE DEFENDANT:  Yes, your Honor.

1    THE COURT:  Mr. Tacata, you have a right to plead not

2  guilty to any offense charged against you and to persist in that

3  plea.  You would then have a right to trial by jury.  During

4  that trial you would have the right to assistance of counsel for

5  your defense, the right to see and hear all the witnesses and to

6  have your attorney cross-examine them, the right to testify

7  yourself or to decline to testify and remain silent, and the

8  right to have the Court issue subpoenas for any witnesses you

9  wish to call in your defense.

10    At trial you would be presumed to be innocent and the

11  United States would have the burden of proving that you are

12  guilty beyond a reasonable doubt.  Before you can be convicted

13  all 12 jurors must be convinced that the United States has met

14  that burden.

15    If you are found guilty after a trial you would have

16  the right to appeal that conviction to a higher court.  And if

17  you could not afford to pay the cost of an appeal the Government

18  would pay those costs for you.  Do you understand all of that?

19    THE DEFENDANT:  Yes, your Honor.

20    THE COURT:  If you plead guilty, however, and if the

21  Court accepts that plea there will be no trial.  You will be

22  waiving or giving up your right to a trial and all of the other

23  rights I have described.  Do you understand that?

24    THE DEFENDANT:  Yes, your Honor.

25    THE COURT:  Also, so long as you plead not guilty you

1    have the right to remain silent.  But if you plead guilty you

2    are waiving that right.  I will ask you some questions about

3    what occurred, and you must answer those questions truthfully,

4    under oath, even if your answers establish that you committed a

5    crime.  Do you understand that?

6            THE DEFENDANT:  Yes, your Honor.

7            THE COURT:  Mr. Silverberg, would you summarize for

8    the Court and the defendant the essential elements which the

9    Government would be required to prove if there were a trial on

10   the charges?

11           MR. SILVERBERG:  Yes, your Honor, if we proceeded to

12   trial we would have to prove beyond a reasonable doubt as to

13   Count 1, that the defendant possessed a stolen firearm; two,

14   that the defendant knew that the firearm had been stolen; and,

15   three, that the firearm had been shipped in interstate commerce

16   at some earlier point.

17           As to Count 2, we would have to prove that the

18   defendant possessed the firearm; that at the time he possessed

19   the firearm he was a user of a controlled substance as defined

20   in Title 21 of the United States Code; and, three, that the

21   firearm that he possessed he did so in or affecting commerce.

22   In other words, at some point the firearm had been shipped or

23   transported in interstate commerce.

24           THE COURT:  Ms. Faymonville, do you disagree in any

25   respect with that summary as to the essential elements?

1          MS. FAYMONVILLE:  No, your Honor, I agree with it.

2          THE COURT:  Mr. Tacata, do you understand that if

3   there were a trial on the charges the United States would be

4   required to present evidence sufficient to prove each of these

5   essential elements beyond a reasonable doubt?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  Mr. Tacata, would you tell me in your own

8   words what you did that constitutes the crimes charged in this

9   case?  What did you do?

10          MS. FAYMONVILLE:  Does he want to do it in Ilocano?

11          THE INTERPRETER:  Yeah.

12          MS. FAYMONVILLE:  Okay.

13          THE COURT:  Would you use the translator, Mr. Tacata?

14          THE DEFENDANT:   Yeah.

15          THE INTERPRETER:  We went to Kailua, and we unlawfully

16   entered the house.  We took some personal belongings and after

17   that we went to the hotel.  And that's when we (inaudible).

18          THE COURT:  Was one of the items that was taken from

19   the house a gun?

20          THE DEFENDANT:  Yeah.

21          THE COURT:  Was it a Beretta pistol or revolver -- or

22   pistol?  A Beretta?

23          THE DEFENDANT:  Yes, your Honor.

24          THE COURT:  At the time the -- you obtained the gun,

25   Mr. Tacata, were you a substance abuser?

1          THE DEFENDANT:  No.

2          THE COURT:  Were you using drugs?

3          MS. FAYMONVILLE:  Not that -- if -- if I could, your

4    Honor?

5          THE COURT:  Yes.

6          MS. FAYMONVILLE:  It doesn't have to be that day.  In

7    that period of time, or that month, or those weeks, okay, were

8    you a substance abuser; is that correct?

9          THE DEFENDANT:  Yeah.

10         MS. FAYMONVILLE:  Okay.

11         THE COURT:  What -- what substance or what drug were

12   you using at that time, Mr. Tacata?

13         THE DEFENDANT:  Meth.

14         MS. FAYMONVILLE:  He says Meth.

15         THE COURT:  You mean methamphetamine?

16         THE DEFENDANT:  Yeah.

17         THE COURT:  Do you believe, Mr. Tacata, that the gun

18   came from outside the State of Hawaii?

19         THE DEFENDANT:  Yeah.

20         THE COURT:  Did you say yes?

21         THE DEFENDANT:  Yes, your Honor.

22         THE COURT:  Mr. Silverberg, what would be the

23   Government's proffer if the case went to trial?

24         MS. FAYMONVILLE:  Your Honor, I have a request, and

25   that is I'd like Mr. Tacata to be able to interject as soon as

1   he hears something that he doesn't agree with.  Just so that we

2   know -- just to avoid trouble at the end.

3          THE COURT:  Yes.

4          MS. FAYMONVILLE:  Is that all right?

5          THE COURT:  That's fine.

6          MS. FAYMONVILLE:  Okay.  Mr. Tacata, just touch Mr.

7   Clemente or me, okay, and either one of us will -- will ask for

8   a pause so that you can say what it is you disagree with.  Okay.

9          THE DEFENDANT:  Yeah, okay.

10         MR. SILVERBERG:  Yeah, I'll -- I'll pause after each

11  sentence to help that matter.

12         Your Honor, we would prove that on or about October

13  4th, of 2004, the codefendant Sherwin Diaz and another

14  individual not -- not Mr. Tacata stole a 2004 Volkswagen Passat

15  that had the Hawaii license plate number NPC274.  The car was

16  registered to Mark Sia, and it was stolen from his residence.

17         Two days later on October 6, 2004, Mr. Tacata, Mr.

18  Diaz, and a third individual named Randy Cachola drove in the

19  Passat to burglarize a house in Kailua located at 117 Aikahe

20  Loop, and that's in the District of Hawaii.

21         Mr. Tacata and Mr. Diaz entered the house.  Mr.

22  Cachola stayed in the car.  And Mr. Diaz and Mr. Tacata stole a

23  number of items including a black and silver box.  Mr. Tacata

24  carried the box which was locked from the house back to the

25  Passat where Mr. Cachola was waiting.  I'm assuming by there

1  being no interjections that he's agreeing with everything up

2  until this point.

3          THE DEFENDANT:  Yes.

4          MR. SILVERBERG:  Okay.  Mr. Diaz and Mr. Tacata then

5  entered the car and Mr. Tacata used his pen knife to pry open

6  the box which was locked.  Inside the box Mr. Tacata found the

7  Beretta Model 92FS, nine millimeter caliber semi automatic

8  pistol that had a serial number BER179972Z, which was

9  manufactured by the company called Beretta in the State of

10  Maryland, and which previously had been shipped and transported

11  in interstate commerce to Hawaii.

12          After Mr. Tacata found the gun in the box he showed it

13  to Mr. Diaz.  They agreed they would later sell the gun and

14  share the proceeds of the sale.

15          MS. FAYMONVILLE:  We have an interjection here.

16          THE COURT:  Yes.

17          THE INTERPRETER:  We didn't discuss or agree to sell

18  the gun.

19          MR. SILVERBERG:  Okay.  Now, from the Government's

20  standpoint that's not a necessary element as long as Mr. Tacata

21  is agreeing that he took the gun box out of the house, into the

22  car, and he opened it up with his pen knife, and he knew that

23  there was a gun in -- at that point, and he still possessed the

24  gun and the box at that point.

25          MS. FAYMONVILLE:  There's no problem with any of that.

1          MR. SILVERBERG:  Okay.  So, there's no dispute, just

2    for the record, that Mr. Tacata at that point possessed what he

3    knew was a stolen gun, because he had stolen it along with Mr.

4    Diaz.

5          THE COURT:  Is that right, Mr. Tacata?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  All right.

8          MR. SILVERBERG:  Okay.  So, those are the essential

9    elements as to Count 1 plus the interstate commerce.  That is

10   that the defendant stole the fire -- well, he possessed a stolen

11   firearm and that he knew the firearm had been stolen, and that

12   the firearm had been shipped in interstate commerce.

13         THE COURT:  Yes.

14         MR. SILVERBERG:  Now, as to Count 2, the only real

15   difference is that we would have to prove that the defendant was

16   a user of a controlled substance.  And we would do that through

17   several ways.

18          First of all, at the time of the arrest at the hotel

19   an Ice pipe was found in the defendant's possession that had

20   residue of methamphetamine in the pipe.  Mr. Diaz and Mr.

21   Cachola will testify that it was their intent to smoke crystal

22   methamphetamine once they got back to the hotel with Mr. Tacata.

23          After the arrest, Mr. Tacata made a post Miranda

24   statement in which he acknowledged he had been smoking crystal

25   methamphetamine for approximately five years up until that

1    point.  And I believe that on the -- he was actually interviewed

2    twice, and on the second day that he was interviewed he had

3    acknowledged smoking crystal methamphetamine earlier that day as

4    well.

5              So, in essence that's how we would prove that he was a

6    user.  Not that he had smoked that morning before the burglary,

7    I don't have proof of that, but that it was their intent to

8    smoke after the burglary, and that he had been a regular smoker

9    of crystal methamphetamine for approximately five years by his

10   own statement.

11             THE COURT:  Mr. Tacata, did you hear what Mr.

12   Silverberg told me about your use of metham -- crystal

13   methamphetamine?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  Is what he told me true?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  All right.

18             MR. SILVERBERG:  Okay, and essentially the other two

19   elements that he possessed the firearm he's acknowledged, and

20   the interstate commerce he's acknowledged.  So, those are the

21   three elements as to Count 2.

22             THE COURT:  All right.  So, Mr. Tacata, what Mr.

23   Silverberg told me about your possession of the stolen gun and

24   your substance abuse that's all true?

25             THE DEFENDANT:  Yes, your Honor.

```
 1              THE COURT:  Mr. Silverberg, are you satisfied?

 2              MR. SILVERBERG:  Yes, your Honor.  Thank you.

 3              THE COURT:  Ms. Faymonville, are there any other

 4    matters you believe should be covered with the defendant?

 5              MS. FAYMONVILLE:  No, your Honor.

 6              THE COURT:  All right.  Then, Mr. Tacata, how do you

 7    now plead to the charge in Count 1 of the first superseding

 8    indictment filed on February 23, 2005, guilty or not guilty?

 9              THE DEFENDANT:  Guilty, your Honor.

10              THE COURT:  And how do you plead to Count 2 of the

11    first superseding indictment, guilty or not guilty?

12              THE DEFENDANT:  Guilty, your Honor.

13              THE COURT:  Ms. Faymonville, are you aware of any

14    reason why the Court should not accept the defendant's guilty

15    pleas?

16              MS. FAYMONVILLE:  No, your Honor.

17              THE COURT:  The Court finds that the defendant is

18    fully competent and capable of entering an informed plea, that

19    his pleas of guilty are knowing and voluntary and supported by

20    an independent basis in fact containing each of the essential

21    elements of the offense.  I am therefore signing the report and

22    recommendation concerning plea of guilty.

23              Pursuant to Rule 11C of the Federal Rules of Criminal

24    Procedure I recommend that the defendant be adjudged guilty and

25    have sentence imposed.  Objections to this report and
```

1    recommendation are waived unless filed and served within ten

2    days.

3            Mr. Tacata, I'm ordering our Probation Department to

4    prepare a presentence report in this case.  This is a document

5    about you and about this case which will assist the Judge in

6    sentencing.

7            The probation officer will interview you.  If you wish

8    your attorney may be present at that interview.  You and your

9    attorney will have the opportunity to read the report before

10   sentencing and to file any written objections to its contents.

11   You and your attorney will also have the opportunity to address

12   the Judge at the hearing before the Judge imposes sentence.

13   Date and time.

14           THE CLERK:  Sentencing to Counts 1 and 2 of the

15   superseding indictment is August 18, 2005, 2:15 p.m., Judge

16   Mollway.

17           THE COURT:  The defendant to remain in custody pending

18   sentencing pursuant to the earlier detention order.  Ms.

19   Faymonville, anything further?

20           MS. FAYMONVILLE:  Nothing else, your Honor.  Thank

21   you.

22           THE COURT:  Mr. Silverberg.

23           MR. SILVERBERG:  No, your Honor.  Thank you.

24           THE COURT:  We'll be in recess.  Good luck, Mr.

25   Tacata.

1          THE DEFENDANT:  Okay.  Thank you.

2          (At which time the above-entitled proceedings were

3    concluded.)

1

2

3                              CERTIFICATE

4              I, court approved transcriber, certify that the

5     foregoing is a correct transcript from the official electronic

6     sound recording of the proceedings in the above-entitled matter.

7              Dated this 16th day of June , 2006.

8

9

10

11                              Jessica B. Cahill

12

13

14

15

16

17

18

19

20

21

22

23

24

25