EDWARD H. KUBO, JR. # 2499
United States Attorney
District of Hawaii

MARSHALL SILVERBERG # 5111
Assistant U.S. Attorney
Room 6100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Marshall.Silverberg@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROY TAMAYO TACATA, | CV. NO. 07-00008 SOM |
| | CR. NO. 05-00030 SOM |
| Petitioner, | |
| | THE UNITED STATES OF AMERICA'S |
| vs. | MEMORANDUM IN OPPOSITION TO THE |
| | PETITION FOR WRIT OF HABEAS |
| UNITED STATES OF AMERICA, | CORPUS PURSUANT TO 28 U.S.C. § |
| | 2255 AND COMPLAINT FOR |
| JOHN RATHMAN, | DECLARATORY JUDGMENT AND |
| Warden of the Honolulu | INJUNCTIVE RELIEF; EXHIBITS |
| Federal Detention Center, | 1-9; CERTIFICATE OF SERVICE |
| | |
| Respondents. | |

**THE UNITED STATES OF AMERICA'S MEMORANDUM IN OPPOSITION
TO THE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO
28 U.S.C. § 2255 AND COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF**

On January 9, 2007, Roy Tacata filed a "Petition For
Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 and Complaint
For Declaratory Judgment and Injunctive Relief."  For the reasons
set forth below, the petition should be dismissed and/or denied.

I.   **Background**

On February 23, 2005, Roy T. Tacata was charged in a two-count First Superseding Indictment with: knowingly possessing and aiding and abetting the possession of a stolen firearm which had previously been shipped and transported in interstate commerce, to wit, a stole Beretta Model 92FS 9mm caliber semiautomatic pistol, in violation of 18 U.S.C. 922(j) (Count 1); and being an unlawful user of a controlled substance who possessed a firearm in and affecting commerce, in violation of 18 U.S.C. § 922(g)(3) (Count 2).[1]

On March 18, 2005, Tacata pleaded guilty as charged and without a plea agreement.  During the change of plea hearing, the following occurred:

| | |
|---|---|
| THE COURT: | What are the maximum penalties? |
| MR. SILVERBERG: | Yes, they are the same for each offense, Judge.  Ten years imprisonment, $250,000.00 fine, supervised release of two to three years, and a $100.00 special assessment. |
| THE COURT: | Mr. Tacata, do you understand that these are the possible penalties which you would face if you enter guilty pleas to the charges in this case? |
| THE DEFENDANT: | Yes, your honor. |

---

[1] Sherwin Diaz was a codefendant with respect to Count 1 only.  The resolution of Mr. Diaz's case is not relevant to the petition filed by Mr. Tacata and now pending before this Court.

THE COURT:              Ms. Faymonville, do you agree with
                        Mr.- Mr. Silverberg's summary as to
                        the possible penalties?

MS. FAYMONVILLE:        Yes, I do.

THE COURT:              Mr. Tacata, if you are convicted of
                        more than one offense the Court has
                        the authority to order consecutive
                        sentences.  If the Court did so it
                        would mean that you would have to
                        serve those sentences one at a
                        time.  Do you understand that?

THE DEFENDANT:          Yes, your Honor.

THE COURT:              During a period of supervised
                        release you must comply with the
                        set of conditions which will be
                        explained to you by a probation
                        officer.  Those conditions will
                        include requirements that you obey
                        the law, that you report as
                        required to the probation officer,
                        and other conditions.

                        If the Court finds that you
                        violated any of those conditions
                        you could be required to serve
                        additional prison time.  Do you
                        understand that?

THE DEFENDANT:          Yes, your Honor.

THE COURT:              Are you presently on probation,
                        parole, or supervised release from
                        any other case?

THE DEFENDANT:          No, your Honor.

THE COURT:              Mr. Silverberg, does the United
                        States contend that any felony
                        offense to which the defendant is
                        today pleading guilty occurred
                        while he was released on bond in
                        relation to some other Federal
                        criminal charge?

MR. SILVERBERG:      No, your Honor.

THE COURT:           Mr. Tacata, are you a citizen of
                     the United States?

THE DEFENDANT:       No, your Honor.

THE COURT:           Do you understand that a conviction
                     in this case might affect your
                     right to remain in the country?

THE DEFENDANT:       Yes, your Honor.

Tr. Mar. 18, 2005 at 7-8 (see Petition, Exh. B at 7-8).

On August 22, 2005, Mr. Tacata was sentenced by this
Court to a term of imprisonment of 15 months as to each count,
with such sentences to be served concurrently.  The Judgment was
filed on August 25, 2005 (See Exh. 1 hereto).

According to the attached printouts and email message
from Natalie Wight of the Federal Detention Center (attached
hereto as Exhibit 2), on February 10, 2006, Mr. Tacata, having
completed his term of imprisonment, was transferred into custody
of the State of Hawaii pursuant to a detainer pending against
him.  He was returned to the Federal Detention Center on June 1,
2006, because the U.S. Department of Homeland Security had a
detainer on him in order to deport him.  Mr. Tacata has remained
at the Federal Detention Center since June 1, 2006, while he has
fought his deportation through the Immigration Courts.

More specifically, as set forth in Exhibits A and B
attached to the petition, Mr. Tacata has been fighting
removal/deportation since June 1, 2006 (the date that he was

4

arrested and placed in the custody of the U.S. Department of
Homeland Security and housed at the Federal Detention Center).
Attached hereto as Exhibit 3 is a transcript of Mr. Tacata's
appearance before the Immigration Judge on June 2, 2006.  At that
time, Mr. Tacata's counsel (the same attorney who filed the
instant 2255 petition) informed the Immigration Judge that Mr.
Tacata was challenging both grounds for his removal, including
his firearm conviction charged as Count 2 in the First
Superseding Indictment.  See Exh. 3 at 2.

The immigration hearing was continued on June 22, 2006.
At that time, Mr. Tacata's attorney again objected to the
conviction of Count 2 of the First Superseding Indictment as a
lawful basis for removal/deportation.  See Exh. 4 at 9-10.  In
essence, Mr. Tacata's attorney argued that the firearms
conviction charged in Count 2 of the First Superseding Indictment
was not an "aggravated felony" requiring Mr. Tacata's deportation
because the count charged a violation of not only 18 U.S.C. §
922(g)(3) but also 18 U.S.C. § 924(a)(2) which is not an
aggravated felony.  See Exh. 4 at 9-10, 14.  To quote Mr.
Tacata's attorney: "924(a)(2) is not a deportable, deportable
offense under definition of an aggravated felony under (43) of
101(a)."  Exh. 4 at 14.

The Immigration Judge rejected that argument by
pointing out that 18 U.S.C. § 924(a)(2) is only a penalty

5

provision and not a separate offense.  Exh. 4 at 15.  Mr.
Tacata's attorney responded: "so really the evidence before you
is lacking as to whether or not count 1 and count 2 of the
superseding indictment and the gun charges are in fact aggravated
felony under definition of INA, because it can be other
offenses."  Exh. 4 at 16.  The Immigration Judge orally rejected
that argument and found that Mr. Tacata's conviction on Count 2
of the First Superseding Indictment was for an "aggravated
felony" and consequently he was removable.  Exh. 4 at 19-20.

        The Immigration Judge's oral decision was later
transcribed.  See Exhibit B to the habeas petition.  Notably, the
judge stated that although Mr. Tacata had argued that his
conviction on Count 2 of the First Superseding Indictment was too
broad to sustain removability, she was rejecting that argument
because a conviction of the firearms offense charged therein was
an "aggravated felony" subjecting Mr. Tacata to deportation.  The
judge further noted that the reference to 18 U.S.C. § 924(a)(2)
was only to the penalty for the offense and did not charge a
separate crime from the violation of 18 U.S.C. § 922(g)(3).

        On July 7, 2006, Mr. Tacata appealed the Immigration
Judge's decision to the Board of Immigration Appeals.  See Exh.
5.  In his Notice of Appeal, Mr. Tacata's counsel (the same
attorney who filed his 2255 petition) argued that Mr. Tacata was
not guilty of an "aggravated felony" because "the record of

conviction was <u>too</u> broad, and did not establish that Respondent's conviction was an Aggravated Felony."  See Exh. 5.

On or about August 23, 2006, Mr. Tacata filed his "Opening Brief" before the Board of Immigration Appeals (see Exh. 6).  Mr. Tacata argued that the Immigration Judge erred because while he was convicted of violating 18 U.S.C. § 922(g)(3) and that is an aggravating felony, he also was convicted of 18 U.S.C. § 924(a)(2) and there is no reference in the INA that a violation of section 924(a)(2) is an aggravated felony.  See Exh. 6 at 4. On August 31, 2006, the Board affirmed, without opinion, the decision of the Immigration Judge.  (see exhibit D).

On September 21, 2006, Mr. Tacata filed a Notice of Appeal of the decision issued by the Board of Immigration Appeals.  See Exh. 7.  In that Notice of Appeal, Mr. Tacata also moved for an Order of Stay of the Order of Removal from the United States pending appeal in that matter.  See Exh. 7. According to the Ninth Circuit's docket sheet for the case, the Order for Removal was stayed pursuant to the Court's general order.  See Exh. 8.

On December 8, 2006, the government filed a motion to dismiss the petition for lack of jurisdiction.  (See Exhibit 9). That motion is still pending and Mr. Tacata remains at the Federal Detention Center under administrative detention pending resolution of his removal litigation.

II.  **Argument**

    A.  **Mr. Tacata no longer is "in custody"
serving a sentence and, consequently, cannot
seek relief pursuant to 28 U.S.C. § 2255.**

Title 28 U.S.C. § 2255 provides in pertinent part:

> A prisoner **in custody** under sentence of a court .
> . . . may move the court which imposed the sentence to
> vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (emphasis added).  *See generally Resendiz v.
Kovensky*, 416 F.3d 952, 956 (9th Cir. 2005) ("It is well-
established that 'once the sentence imposed for a conviction has
completely expired, the collateral consequences of the conviction
are not themselves sufficient to render an individual 'in
custody' for the purposes of a habeas attack upon it.'") (quoting
*Maleng v. Cook*, 490 U.S. 488, 492 (1989)) (per curiam).

As discussed above, Mr. Tacata completed his prison
sentence on February 10, 2006.  He was then transferred to the
State of Hawaii's control to face charges there.  When he
completed his state sentence, he was returned to the Federal
Detention Center as an administrative detainee awaiting
deportation.  The only reason Mr. Tacata has not been deported is
because is appealing the Immigration Judge's decision to deport
him.  It is clear, nonetheless, that Mr. Tacata is not now "in
custody" "serving a sentence" and that this Court does not have
jurisdiction to reach the merits of the section 2255 petition.

8

**B.    Mr. Tacata's petition also is barred by
the one-year statute of limitations.**

Section 2255 petitions generally must be filed within
one year of the date on which the judgment of conviction became
final.  See 28 U.S.C. § 2255.  In this case, because Mr. Tacata
did not appeal his judgment of conviction, the one-year statute
of limitations began on the date his judgment of conviction was
filed (i.e., August 25, 2005; see Exh. 1).  Hence, the one-year
period in which Mr. Tacata could legally file his habeas petition
expired on August 25, 2006.

Mr. Tacata, however, waited until January 9, 2007, to
file his habeas petition.  As such, it is untimely and this Court
does not have jurisdiction to consider its merits.

**C.    Mr. Tacata did not raise the issue
regarding the voluntariness of his plea
on direct appeal and, consequently, he
is procedurally barred from raising it now.**

Courts usually will not entertain a section 2255 motion
if the movant did not raise the claim, pretrial, at trial, or on
direct appeal.  *See United States v. Frady*, 456 U.S. 152, 162-66
(1982); *United States v. Monreal*, 301 F.3d 1127, 1131 (9th Cir.
2002) (claim that statute of limitations for filing § 2255 motion
should be tolled due to government misconduct waived because not
raised in trial court and no manifest injustice resulted from
waiver).

9

**D.   Even if this Court reaches the merits
      of the petition, it should deny it.**

**(1)   The magistrate judge correctly
       informed Mr. Tacata that a
       collateral consequence of his
       guilty plea was that he "might"
       be deported.**

Mr. Tacata argues that the magistrate judge incorrectly advised him that he "might" be deported when, in fact, his deportation was actually "automatic."  What Mr. Tacata and his attorney do not inform *this* Court, however, is that Mr. Tacata and his attorney have affirmatively and vigorously opposed the deportation (thereby contradicting the argument he makes in the habeas petition that his deportation is automatic).

According to the two transcripts attached hereto as Exhibits 3 and 4, Mr. Tacata, via his attorney, argued vigorously that Mr. Tacata's two firearms convictions were not removable offenses under the immigration laws.  The fact that the Immigration Judge rejected those arguments is of no consequence here.  The fact of the matter is that Mr. Tacata, via his attorney, thought that there was at least a colorable claim that Mr. Tacata was not removable based on his firearms convictions and, therefore, Magistrate Judge Chang's statement that Mr. Tacata "might" be removable if he pleaded guilty was a correct statement of the law as later interpreted by Mr. Tacata and his own counsel.

10

In other words, Mr. Tacata should be estopped from even making the first argument in his habeas petition.  That is, while he now claims that removability was and is automatic, he nonetheless challenged it before the Immigration Judge (see Exhibits 3 and 4), before the Board of Immigration Appeals (see Exhibit 5), and even before the Ninth Circuit where the removability decision is now pending (see Exhibit 6).  Indeed, because Mr. Tacata has challenged the issue of whether he is in fact removable all the way to the Ninth Circuit, he is still in this country given the Ninth Circuit's automatic stay of his removal pending the consideration of the merits of his appeal.

Thus, for Mr. Tacata, via his attorney, to now argue before this court that Magistrate Judge Chang somehow erred by saying that Mr. Tacata's guilty pleas "might" affect his immigration status is at least somewhat disingenous and it is quite inconsistent with the position he has taken in the immigration courts.  Moreover, as all attorneys know or should know, nothing in the law is absolute and Magistrate Judge Chang's caution that Mr. Tacata's immigration status "might" change because of his guilty pleas to two felony firearms offenses was absolutely correct.

We are cognizant that the district court decision in *United States v. Zhang*, 401 F.Supp.2d 233 (E.D.N.Y. 2005), is to the contrary.  That decision, we believe, was wrongly decided.

11

It does not recognize that on May 11, 2005, the President signed
into law the REAL ID Act, 8 U.S.C. § 1252(a)(2)(D), which
restored limited judicial review to the removal process, even for
aliens who are convicted of aggravated felonies.  *See Vargas v.
Department of Homeland Security*, 451 F.3d 1105 (10th Cir. 2006)
(Under the REAL ID Act, appellate courts "can review
'constitutional claims or questions of law' raised in a petition
for review of a removal order, even in an aggravated-felony
case").  It allows for the federal appellate courts to consider
constitutional claims and questions of law in deciding whether to
remove an alien, even in "aggravated felony cases." *Id.  See
also Serva-Lozano v. Gonzales*, Slip op., 2007 WL 211282 (10th
Cir. Jan. 29, 2007) (appellate court can review constitutional
claims and questions of law in aggravated-felony cases).

>           As explained by the Ninth Circuit:

>> By this amendment, Congress restored judicial review of
>> constitutional claims and questions fo law presented in
>> petitions for review of final removal orders.  It did
>> so by providing that nothing in 8 U.S.C. §
>> 1252(a)(2)(B), (C), or any other provision of the INA
>> shall preclude judicial review of such orders, unless
>> review is barred by some other provision of 8 U.S.C. §
>> 1252.  In short, Congress repealed all jurisdictional
>> bars to our direct review of final removal orders other
>> than those remaining in 8 U.S.C. § 1252 (in provisions
>> other than (a)(2)(B) or (C) following the amendment of
>> that section by the REAL ID Act.

*Fernandez-Ruis v. Gonzales*, 410 F.3d 585, 587 (9th Cir. 2005)
(footnote omitted) (quoted with approval in *Aguiluz-Arellano*, 446
F.3d 980, 982 (9th Cir. 2006)).  In other words, because the

12

<u>Zhang</u> opinion (and Mr. Tacata's petition here) is based upon a wrong fundamental premise -- that aliens convicted of aggravated felonies are automatically deportable -- the decision is fatally flawed.[2]  At least since May 11, 2005, aliens like Tacata who are convicted of aggravated felonies "might" or "might not" be deported depending upon whether they assert a constitutional or legal challenge to their removal and whether the Court agrees therewith.  Thus, Magistrate Judge Chang's statement to Mr. Tacata that his guilty pleas "might" affect his ability to remain in this country was an absolutely correct statement of the law.

A second reason why the facts here are materially different than in *Zhang* is because the defendant there received a 5 years sentence while Mr. Tacata received only a 15-month sentence.  The difference is significance because even without the change which occurred from the REAL ID Act, defendants (like Zhang but unlike Tacata) who receive a sentence of at least five years are ineligible for the withholding of removal under the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3)(B), and withholding of removal under the Convention Against Torture, 8 U.S.C. § 1231(b)(3)(B).  The district court in *Zhang* thought that was significant in that case because the defendant could not

---

[2] As stated in *Aguiluz-Arellano v. Gonzales, supra,* 446 F.3d at 982, the REAL ID Act was signed into law by the President on May 11, 2005.  We note that the district court's decision in *Zhang* was decided on November 18, 2005, yet there was no discussion of the REAL ID Act.

object to removal on the basis that he might be tortured in his homeland because he had received a sentence of 5 years imprisonment. *See Zhang*, 401 F.Supp.2d at 241 ("Significantly, an aggravated felon who has been sentenced to an aggregate term of imprisonment of at least 5 years is also ineligible for withholding of removal under the Convention Against Torture.").

In contrast, here, Mr. Tacata received a sentence of only 15 months and he could have been granted protection from removal pursuant to the Convention Against Torture if he had made a sustainable claim that he would be tortured once he was removed. *See, e.g., Zheng v. Ashcroft*, 332 F.3d 1186 (9th Cir. 2003) (illegal alien could not be removed until his application for protection under the Convention Against Torture was decided). Indeed, the Immigration Judge specifically noted that Mr. Tacata was not in fear of torture in his homeland before she ordered him removed. See Exh. B at 4. Magistrate Judge Chang, of course, could not know whether Mr. Tacata would seek asylum, thus providing further support to the Court's "might" statement.

> **(2)  There is no evidence that Mr. Tacata's attorney (Ms. Faymonville) provided ineffective assistance of counsel.**

Mr. Tacata has submitted no evidence regarding what advice he received from Ms. Faymonville other than her silent acquiescence to Magistrate Judge Chang's caution that Mr. Tacata's guilty pleas "might affect [his] right to remain in the

country."[3]  Ms. Faymonville was not ineffective in providing such tacit advice inasmuch as it was a correct statement of the law.

### III. <u>Conclusion</u>

The Petition should be dismissed because Mr. Tacata is not in custody serving a sentence; the Petition was filed more than one-year after Mr. Tacata's conviction and thus is time-barred; and the issues were not raised on direct appeal.  If the Court does reach the merits, then we respectfully submit that the caution given by Magistrate Judge Chang was a correct statement of the law and cannot possibly result in Mr. Tacata's release from immigration detention.

Dated: February 6, 2007, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


BY:  <u>/s/ Marshall H. Silverberg</u>
     MARSHALL H. SILVERBERG
     Assistant U.S. Attorney

---

[3] The transcript excerpt cited on page 8 of the Petition is misleading because it makes it appear that Ms. Faymonville was agreeing to Magistrate Judge Chang's statement regarding possible deportation as part of her agreement regarding the summary of possible *penalties*.  In actuality, Magistrate Judge Chang's statement regarding the possible immigration consequences occurred well *after* the discussion of the possible penalties. See Exh. C at 7-8.

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically through CM/ECF:
    EMMANUEL G. GUERRERO                    attyegg@aol.com

    Attorney for Petitioner
    ROY TAMAYO TACATA


Served by first-class mail:

    NATALIE WIGHT
    c/o Warden John Rathman
    Federal Detention Center
    351 Elliot Street
    Honolulu, Hawaii 96819


    DATED:  February 6, 2007, at Honolulu, Hawaii.



    /s/ Cheri Abing