ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AO 245B (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case

# United States District Court
## District of Hawaii

AUG 2 5 2005

at ____ o'clock and __ min. __M
SUE BEITIA, CLERK

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| ROY T. TACATA | Case Number: 1:05CR00030-002 |
| | USM Number: 95355-022 |
| | Loretta Faymonville, AFPD |
| | Defendant's Attorney |

**THE DEFENDANT:**

[✔]  pleaded guilty to counts: <u>1 and 2 of the Superseding Indictment</u>.
[ ]  pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]  was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| See next page. | | | |

    The defendant is sentenced as provided in pages 2 through _7_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[ ]  Count(s) ___ (is)(are) dismissed on the motion of the United States.

    It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

AUGUST 22, 2005
Date of Imposition of Judgment

/s/ Susan Oki Mollway
Signature of Judicial Officer

**SUSAN OKI MOLLWAY**, United States District Judge
Name & Title of Judicial Officer

8/25/05
Date

**EXHIBIT 1**

AO 245B (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case

| | | | Judgment - Page 2 of 7 |
|---|---|---|---|
| CASE NUMBER: | 1:05CR00030-002 | | |
| DEFENDANT: | ROY T. TACATA | | |

ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 922 (j), 2, and 924 (a) (2) | Possession of and aiding and abetting the possession of a stolen firearm | 10/6/04 | 1 |
| 18 USC 922 (g) (3) and 924 (a) (2) | User of a controlled substance in possession of a firearm | 10/6/04 | 2 |

AO 245B (Rev. 12/03) Sheet 2 - Imprisonment

| | |
|---|---|
| CASE NUMBER: 1:05CR00030-002 | Judgment - Page 3 of 7 |
| DEFENDANT: ROY T. TACATA | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of FIFTEEN (15) MONTHS .

This term consists of FIFTEEN (15) MONTHS as to each of Counts 1 and 2, to run concurrently.

[✔] The court makes the following recommendations to the Bureau of Prisons:
FDC Honolulu.

[✔] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district.
  [ ] at ___ on ___.
  [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  [ ] before _ on ___.
  [ ] as notified by the United States Marshal.
  [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

CASE NUMBER: 1:05CR00030-002  
DEFENDANT: ROY T. TACATA  
Judgment - Page 4 of 7

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>THREE (3) YEARS</u>. This term consists of THREE (3) YEARS as to each of Counts 1 and 2, to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter, as determined by the court.

[ ]  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[✔]  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]  The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 1:05CR00030-002 | Judgment - Page 5 of 7 |
| DEFENDANT: | ROY T. TACATA | |

# SPECIAL CONDITIONS OF SUPERVISION

1. That the defendant participate in a substance abuse program, which may include drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2. That the defendant execute all financial disclosure forms requested by the Probation Office and provide access to any requested financial information.

3. That the defendant submit to removal proceedings, including deportation or exclusion as required by the Department of Homeland Security. The defendant shall not enter the United States without proper authorization.

4. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

AO 245 S (Rev. 12/03) Sheet 5, Part B - Criminal Monetary Penalties

CASE NUMBER:     1:05CR00030-002                              Judgment - Page 6 of 7
DEFENDANT:       ROY T. TACATA

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|           | Assessment | Fine | Restitution |
|-----------|------------|------|-------------|
| Totals:   | $ 200.00   | $    | $           |

[ ] The determination of restitution is deferred until        . An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such a determination.

[ ] The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all non-federal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|   |   |   |   |

**TOTALS**                $ _                              $ _

[ ] Restitution amount ordered pursuant to plea agreement   $ _

[ ] The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ]   the interest requirement is waived for the     [ ] fine       [ ] restitution

    [ ]   the interest requirement for the   [ ] fine      [ ] restitution is modified as follows:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245 S (Rev. 12/03) Sheet 5, Part B - Criminal Monetary Penalties

CASE NUMBER:      1:05CR00030-002                                    Judgment - Page 7 of 7
DEFENDANT:        ROY T. TACATA

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  [ ]  Lump sum payment of $ _ due immediately, balance due
        [ ]  not later than _ , or
        [ ]  in accordance      [ ] C,    [ ] D,    [ ] E, or  [ ] F below, or

B  [✔]  Payment to begin immediately (may be combined with    [ ] C,    [ ] D, or  [ ] F below); or

C  [ ]  Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment ; or

D  [ ]  Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the release from imprisonment to a term of supervision; or

E  [ ]  Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [ ]  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]  Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number, Total Amount, Joint and Several Amount, and corresponding pay, if appropriate.

[ ]  The defendant shall pay the cost of prosecution.

[ ]  The defendant shall pay the following court cost(s):

[ ]  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 12/03) Sheet 6 - Statement of Reason                                                   (Not For Public Disclosure)

| | | |
|---|---|---|
| CASE NUMBER: | 1:05CR00030-002 | DATE: AUGUST 22, 2005 |
| DEFENDANT: | ROY T. TACATA | |

| Social Security: # | Date of Birth: | Home address: | Mailing address: |
|---|---|---|---|
| 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 | 5/14/72 | 94-1142 Kahuamo St.<br>Waipahu, HI 96797 | 94-1142 Kahuamo St.<br>Waipahu, HI 96797 |

## STATEMENT OF REASONS
### (Not for Public Disclosure)

[✓]  THE COURT ADOPTS THE PRESENTENCE REPORT AND GUIDELINE APPLICATIONS WITHOUT CHANGE.

**OR**

[ ]  THE COURT ADOPTS THE PRESENTENCE REPORT AND GUIDELINE APPLICATIONS BUT WITH THESE CHANGES:

  [ ]  **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level or specific offense characteristics:

  [ ]  **Chapter Three of the U.S.S.G.Manual** adjustment determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

  [ ]  **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

[ ]  **THE COURT ADOPTS THE PRESENTENCE REPORT WITH THESE COMMENTS OR FINDINGS** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions. Specify court comments or findings, including paragraphs in the presentence report.)

**GUIDELINE RANGE DETERMINED BY THE COURT (BEFORE DEPARTURES):**

| | |
|---|---|
| Total Offense Level: | 13 |
| Criminal History Category: | I |
| Imprisonment Range: | 12 to 18 months |
| Supervised Release Range: | 2 to 3 years |
| Fine Range: | $ 3,000 to $ 30,000 |

[✓]  Fine waived or below the guideline range because of inability to pay.

[✓]  **THE SENTENCE IS WITHIN THE GUIDELINE RANGE, THAT RANGE DOES NOT EXCEED 24 MONTHS, AND THE COURT FINDS NO REASON TO DEPART.**

**OR**

[ ]  **THE SENTENCE IS WITHIN A GUIDELINE RANGE, THAT RANGE EXCEEDS 24 MONTHS, AND THE SPECIFIC SENTENCE IS IMPOSED FOR THESE REASONS:**

AO 245B (Rev. 12/03) Sheet 6 - Statement of Reason                                              (Not For Public Disclosure)

CASE NUMBER:   1:05CR00030-002                                          DATE: AUGUST 22, 2005
DEFENDANT:     ROY T. TACATA

**RESTITUTION DETERMINATIONS**

Total Amount of Restitution:        $ N/A

[ ]  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C.§ 2663A(c)(3)(A).

[ ]  For offenses for which restitution is otherwise mandatory under 18 U.S.C.§ 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to agree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C.§ 3663A(c)(3)(B).

[ ]  For other offenses for which restitution is authorized under 18 U.S.C.§ 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C.§ 3663(a)(1)(B)(ii).

[ ]  Restitution is not ordered for other reasons:

[ ]  Partial Restitution is ordered under 18 U.S.C.§ 3663(c) for these reasons:

**DEPARTURE (Check all that apply)**

[ ]  The sentence departs <u>below the guideline range</u> for the following reasons; or
[ ]  The sentence departs <u>above the guideline range</u> for the following reasons:

**Pursuant to a Plea Agreement**
[ ]  based on 5K1.1 motion of the government based on the defendant's substantial assistance;
[ ]  based on a government motion pursuant to an early disposition program;
[ ]  based on a binding plea agreement for departure which the court has accepted (cite below reason, if applicable);
[ ]  based on a plea agreement which <u>cites the below reason</u> for departure, which the court finds to be justified; or
[ ]  based on a plea agreement which states that the government will not oppose a defense departure motion and <u>cites the below reason.</u>

**Pursuant to a Motion Not Addressed in a Plea Agreement**
[ ]  pursuant to a 5K1.1 motion of the government based on the defendant's substantial assistance;
[ ]  pursuant to a government motion <u>based on the below reason</u> for departure; or
[ ]  pursuant to a defense motion <u>based on the below reason</u> for departure to which the government has not objected; or
[ ]  pursuant to a defense motion <u>based on the below reason</u> for departure to which the government has objected.
[ ]  Other than plea agreement or motion by the parties <u>based on the below reason</u> for departure.

**Reason(s) for Departure**

[ ]  4A1.3 Criminal History Adequacy (explain)       [ ]  5K2.8  Extreme Conduct                [ ]  5K2.16 Voluntary Disclosure of Offense
[ ]  5K2.0 Aggravating or Mitigating                 [ ]  5K2.9  Criminal Purpose               [ ]  5K2.17 High-Capacity Semiautomatic Firearm
     Circumstances (explain):                        [ ]  5K2.10 Victim's Conduct               [ ]  5K2.18 Violent Street Gang
[ ]  5K2.1 Death                                     [ ]  5K2.11 Lesser Harm                    [ ]  5K2.20 Aberrant Behavior
[ ]  5K2.2 Physical Injury                           [ ]  5K2.12 Coercion and Duress            [ ]  5K2.21 Dismissed and Uncharged Conduct
[ ]  5K2.3 Extreme Psychological Injury              [ ]  5K2.13 Diminished Capacity            [ ]  5K2.22 Age or Health of Sex Offenders
[ ]  5K2.4 Abduction or Unlawful Restraint           [ ]  5K2.14 Public Welfare                 [ ]  5K2.23 Discharged Terms of Imprisonment
[ ]  5K2.5 Property Damage or Loss                                                              [ ]  5K3.1  Early Disposition, "fast track" Program
[ ]  5K2.6 Weapons and Dangerous Instruments
[ ]  5K2.7 Disruption of Government Function

[ ]  Other (e.g., 2B.1, commentary, 5H1.1-5H1.6 or 5H1.11)(explain and state guideline and/or statutory basis).

AO 245B (Rev. 12/03) Sheet 6 - Statement f Reason                                    (Not For Public Disclosure)

| | |
|---|---|
| CASE NUMBER: 1:05CR00030-002 | DATE: AUGUST 22, 2005 |
| DEFENDANT: ROY T. TACATA | |

AUGUST 22, 2005
Date of Imposition of Judgment

*[signature]*
Signature of Judge

**SUSAN OKI MOLLWAY**, United States District Judge
Name and Title of Judge

8/25/05
Date Signed