**U.S. Department of Justice**
Executive Office for Immigration Review
United States Immigration Court

Matter of                                      File A 43 970 374

```
                              )
                              )
ROY TAMAYO TACATA             )   In REMOVAL Proceedings
                              )
                              )
            Respondent        )        Transcript of Hearing
```

Before DAYNA BEAMER, Immigration Judge

Date:  June 22, 2006                  Place:  Honolulu, Hawaii

Transcribed by FREE STATE REPORTING, INC., at Annapolis, Maryland

Official Interpreter:

Language:

Appearances:

        For the Department of
        Homeland Security:            For the Respondent:

        Heath Kaneshige               Emmanuel Guerrero

**EXHIBIT  4**

1  JUDGE FOR THE RECORD

2      Today is June 22, 2006.  This is Immigration Judge Dayna

3  Beamer in an individual hearing for Roy Tacata, file 43 970 374.

4  Respondent is present with his lawyer, Emmanuel Guerrero.  Heath

5  Kaneshige represents Homeland Security.  I have one new Exhibit,

6  I'll mark it as 3.  It's the Department's memorandum.

7  JUDGE TO MR. GUERRERO

8      Any objection to any Exhibits, Mr. Carrera?  I mean, I'm

9  sorry, Mr. Guerrero.

10  MR. GUERRERO TO JUDGE

11      No, Your Honor, except the, I believe the initial evidence

12  had the, had an indictment, criminal 05-00 -- I'm sorry.

13  JUDGE TO MR. GUERRERO

14      There's a superceding indictment in here.

15  MR. GUERRERO TO JUDGE

16      Yes.  I would move to exclude the initial indictment

17  because, if the superceding indictment appears to -- they're one

18  in the same, 05-0030.  So it appears that the initial indictment

19  has, has been null and void and stricken.

20  JUDGE TO MR. GUERRERO

21      I'm going to keep it in there only because that's the way it

22  arrived from the State when they requested it from -- Actually --

23  MR. GUERRERO TO JUDGE

24      The Federal.

25  JUDGE TO MR. GUERRERO

```
 1      -- the Federal Court.  I don't, I don't want to take it

 2   apart.

 3   MR. GUERRERO TO JUDGE

 4      Okay.

 5   JUDGE TO MR. GUERRERO

 6      But your point is well-noted.  So, I'll receive 1 through 3.

 7   Is the respondent still arguing for termination?

 8   MR. GUERRERO TO JUDGE

 9      Yes, Your Honor.  And I'll tell you briefly, if, if you give

10   us an opportunity.

11   JUDGE TO MR. GUERRERO

12      I noticed he didn't file any additional material.

13   MR. GUERRERO TO JUDGE

14      No, Your Honor.  There's --

15   JUDGE TO MR. GUERRERO

16      Okay.

17   MR. GUERRERO TO JUDGE

18      -- no documents could have been filed.  It's a simple

19   argument, it's under U.S. v. Taylor.

20   JUDGE TO MR. GUERRERO

21      Does he, does he still deny the actual, actual allegations

22   of 4 and 5?

23   MR. GUERRERO TO JUDGE

24      The way it's written, Your Honor, we will, we will deny it.

25   The way it's, the way it has been drafted in the NTA.
```

1    JUDGE TO MR. GUERRERO

2        Okay.  Tell -- Can you point out to me what's wrong about

3    the allegation 4?

4    MR. GUERRERO TO JUDGE

5        Well, you take a look at allegation number 4, Your Honor,

6    that is not what he was convicted of.  He was not convicted of

7    Section 922J and G.  The, the evidence that is on the record

8    before you is that he was convicted of 922 -- excuse me -- that

9    he was tried with and pled guilty to 922, and count 1, for 05-

10   0030.  The Federal case was 18 U.S.C. 922J and, and number 2,

11   924(a)(2).

12   JUDGE TO MR. GUERRERO

13       Right, they combined, didn't they.  They combined two

14   charges in one sentence?

15   MR. GUERRERO TO JUDGE

16       That's correct.  And that's -- and if you take a look at the

17   accompanying judgement, it makes reference fo all of those, all

18   of those criminal -- excuse me, all of those statutory

19   violations.

20   JUDGE TO MR. GUERRERO

21       Okay, and count -- I mean, allegation 5?

22   MR. GUERRERO TO JUDGE

23       Likewise, Your Honor.  And, I'm sorry, on allegation --

24   JUDGE TO MR. GUERRERO

25       Is it because they misstate the drug?  Is that what the

A 43 970 374                10                    June 22, 2006

1  objection is?

2  MR. GUERRERO TO JUDGE

3      Well, that, that's one objection.  And the second objection,

4  Your Honor, is really he was not convicted in -- he was not

5  convicted in the State Court because the judgement that you see

6  is that it was deferred, which means that, as you can see by the

7  judgement, there is no record of conviction, that the Court did

8  not accept his plea.  So, there is no conviction in Hawaii State

9  Court.  So, that's why we have to deny it.  I mean, the record

10  that's before you from the State Court, and I'll read it, I'll

11  read it verbatim --

12  JUDGE TO MR. GUERRERO

13      No, I see it.

14  MR. GUERRERO TO JUDGE

15      Makes it very clear that --

16  JUDGE TO MR. GUERRERO

17      He, he, he pled no contest and he got a deferral period.

18  MR. GUERRERO TO JUDGE

19      That's correct.

20  JUDGE TO MR. GUERRERO

21      To counts 1, 2, and 3.  So, he's on deferral for five years

22  and they've got some conditions.

23  MR. GUERRERO TO JUDGE

24      That's correct, Your Honor.

25  JUDGE TO MR. GUERRERO

A 43 970 374                    11                    June 22, 2006

1     Okay.

2   MR. GUERRERO TO JUDGE

3     So, in Hawaii State Court, he has no conviction.  And that's

4   how the allegation is written.

5   JUDGE TO MR. GUERRERO

6     How does he qualify for a deferral when he has a conviction

7   in Federal Court that's preceding it?

8   MR. GUERRERO TO JUDGE

9     Because the incidents are one in the same.  The, the gun

10  charges arose out of the possession, and I'm, I'm without -- I

11  take that back, Your Honor, I strike that.  I mis-spoke.  He was

12  clearly eligible and if you take a look at the date of the

13  incidents, October 6th on count -- on the Federal one, October

14  6th, and if you take a look at the complaint --

15  JUDGE TO MR. GUERRERO

16     October 6th of what year?

17  MR. GUERRERO TO JUDGE

18     2004.

19  JUDGE TO MR. GUERRERO

20     '04, okay, '04 offense ended.  Okay.

21  MR. GUERRERO TO JUDGE

22     And if you take a look at the State indictment, it is one in

23  the same, October 6th, 2004.

24  JUDGE TO MR. GUERRERO

25     Okay, let me look.  Okay.  But the other two counts are

A 43 970 374              12              June 22, 2006

1  different.  That's count 1, count 2 says November 5, '04 and

2  count 3 says November 5.

3  MR. GUERRERO TO JUDGE

4      Yes.  In other words, the incident occurred after the State

5  of Hawaii incident occurred.  Occurred after the, the Federal

6  charges, which occurred on October 6th.  Which made him clearly

7  eligible.

8  JUDGE TO MR. GUERRERO

9      No, it's not clear to me why he was eligible before Judge

10  Wilson because of counts 3 and 2.  The promoting, the promoting a

11  detrimental drug case after the burglary and the firearms.

12  Anyway --

13  MR. GUERRERO TO JUDGE

14      Anyway.

15  JUDGE TO MR. GUERRERO

16      -- Judge, Judge Wilson granted the deferred anyway?

17  MR. GUERRERO TO JUDGE

18      The Judge granted a deferral, Your Honor, because he was

19  clearly eligible.  And there has been no, there has been no

20  appeal by the, by the State of Hawaii attesting to that.

21  JUDGE TO MR. GUERRERO

22      Okay.

23  MR. GUERRERO TO JUDGE

24      So, he, he was sentenced as a first-time offender for, for

25  possession of a dangerous drug, nothing more.  He will have an

A 43 970 374                    13                  June 22, 2006

```
 1   opportunity, as this Court is well aware of, because of the
 2   deferral he will have an opportunity to have his record expunged.
 3   And with respect to that, our argument would be that with a
 4   controlled substance violation, it's similar to the Federal First
 5   Offender Act, and because he has no prior records that the Court
 6   has imposed some conditions that, if he abides with, the record
 7   will be erased.  So, with respect to the controlled substance,
 8   that would be our position, that it's, it's similar to the
 9   Federal First Offender Act.  But, more importantly to the first
10   allegation, the violation -- the allegation number 4 makes him
11   deportable as an aggravated felony under 922(g).  Your Honor,
12   under U.S. v. Taylor, the -- you must take a look at only the
13   record of conviction.  The record of conviction here tells us
14   that we don't know what he was convicted of.  We know that he was
15   convicted of, perhaps, but he was convicted of, what you have
16   here, is 922(g)(3) on the first one -- I'm sorry, 922(j).
17   Because that's what the indictment states and that's what the
18   judgement states, but there's also on the judgement an
19   indictment, there's a (2) and under the definition of an
20   aggravated felony, (2) of (j) is no, it's not an aggravated
21   felony, it's not a deportable offense.  924(a)(2) is not a
22   deportable, deportable offense under definition of an aggravated
23   felony under (43) of 101(a).  We don't know, U.S. v. Taylor tells
24   us if there's possibilities.
25   JUDGE TO MR. GUERRERO
```

1       If I don't look at count 1 and I only look at count 2, what
2   is your argument?

3   MR. GUERRERO TO JUDGE

4       Count 2 is the same, Your Honor.  If you take a look at
5   count 2, there's 924(a)(3).  924(a) is not an aggravated felony
6   under 101(a)(43).

7   JUDGE TO MR. GUERRERO

8       What about 922(g)(3)?

9   MR. GUERRERO TO JUDGE

10      Oh, we don't know, we don't know if that's the case.  We
11  know that there is a Section to that effect, but we don't know
12  because it's not here.  And, just so that we're fair on this
13  thing, Judge, I did request a copy of the transcripts myself of
14  the Court proceedings.  I haven't received it yet, but the burden
15  is still on the Government to produce this.

16  JUDGE TO MR. GUERRERO

17      924, 18 U.S.C. 924 only talks about penalties.

18  MR. GUERRERO TO JUDGE

19      924(a)(2) is this.

20  JUDGE TO MR. GUERRERO

21      924(a)(2), "whoever knowingly violates" and then it
22  references sections of Section 922, "shall be fined as provided
23  or imprisoned not more than ten years or both."  So --

24  MR. GUERRERO TO JUDGE

25      And if you take a look at 922(g), Your Honor, you've got

A 43 970 374                    15                    June 22, 2006

1  subsections there, you've got many different subsections.

2  JUDGE TO MR. GUERRERO

3     Okay, let's go to 922(g) in my book here.  Okay, found (g),

4  and they're saying (g)(3).  "It is unlawful for any person who is

5  an unlawful user of, or addicted to, any controlled substance"

6  and then references the Controlled Substance Act, "to ship or

7  transport in interstate or foreign commerce, would possess and/or

8  effecting commerce, any firearm or ammunition, or to receive any

9  firearm or ammunition which has been shipped or transported in

10  interstate or foreign commerce." all right.  Anything else on

11  your argument, counsel?

12  MR. GUERRERO TO JUDGE

13     Yes, Your Honor, if you take a look at 924(a)(3) it makes

14  reference to the penalties to all of the 922, and if you take a

15  look at the aggravated felony definition under the INA, 9 -- the

16  only aggravated felony is 922(g)(1), (g)(2), (g)(3), (g)(4), (5)

17  and (j).  It makes reference to all offenses under 924(b) but not

18  924(a), so really the evidence before you is lacking as to

19  whether or not count 1 and count 2 of the superceding indictment

20  and the gun charges are in fact aggravated felony under

21  definition of INA, because it can be other offenses.  For

22  example, you take at the one you're referencing to, count number

23  2, it states that Mr. Tacata was in possession of a firearm as

24  being controlled substance -- while being a controlled substance

25  user, but if you take a look at 922(g)(3) itself, just number

A 43 970 374                16              June 22, 2006

 1  (g)(3), it makes no reference.  (g)(3) states, "it shall be
 2  unlawful for any person" and number 3 "who is an unlawful user
 3  of, or addicted to, any controlled substance"  it makes no
 4  reference to a firearm.  The reference to the firearm is
 5  924(a)(2).  So, we don't know if in fact that's the particular,
 6  particular offense and I'm -- count number 1 is more, it's a
 7  little bit more convoluted because you've got a (2) which, I
 8  don't, I've looked at the Statute in the 922(j), I don't see any,
 9  any Section that says 922(2), there is no Section, I have the
10  entire Statute here, I don't see a 922(2).  And <u>U.S. v. Taylor</u>
11  tells us we have to take a look at the record of conviction, and
12  the record of conviction here, it's our position, is not
13  sufficient.
14  JUDGE TO MR. GUERRERO
15      Okay.
16  MR. GUERRERO TO JUDGE
17      And then, I think I've already made my, made my respect to
18  the controlled substance, Your Honor.  That it's a first time,
19  Federal first time.
20  JUDGE TO MR. GUERRERO
21      Federal First Offender Act?
22  MR. GUERRERO TO JUDGE
23      Yes, Your Honor.
24  JUDGE TO MR. GUERRERO
25      What about the burglary?

1  MR. GUERRERO TO JUDGE

2      Yes, he's not charged with the burglary, Judge.  On the

3  Notice to Appear he's not --

4  JUDGE TO MR. GUERRERO

5      No, you're right, he's not.

6  MR. GUERRERO TO JUDGE

7      He's not.

8  JUDGE TO MR. GUERRERO

9      You're right, okay.

10  MR. GUERRERO TO JUDGE

11      And the burglary itself, there was no jail-time of more than

12  a year, it's not an aggravated felony.

13  JUDGE TO MR. GUERRERO

14      And they haven't gone with two CIMTs or anything.

15  MR. GUERRERO TO JUDGE

16      That's correct, Judge.

17  JUDGE TO MR. GUERRERO

18      Okay.

19  MR. GUERRERO TO JUDGE

20      There is no CIMT here.

21  JUDGE TO MR. KANESHIGE

22      What's the Department's argument?

23  MR. KANESHIGE TO JUDGE

24      Your Honor, as to this case I, I don't believe it can be

25  more clear the person was convicted of 18 U.S.C. 922(j), that's

A 43 970 374              18              June 22, 2006

1  in -- specifically set forth within the Act as being an

2  aggravated felony offense under 922(j).  And also, 18 U.S.C.

3  922(g)(3) of the Act -- also sets forth 922(g)(3).  The

4  respondent has been convicted of that, Your Honor, by specific

5  Statute.  He's removable as charged as, as an aggravated felony

6  offender.  And also, as for the drug charge, he has been

7  convicted of a controlled substance violator on the Federal side

8  also.

9  JUDGE TO MR. KANESHIGE

10      Well, what's the argument, that his Federal offender --

11  First Offender Act protected?

12  MR. KANESHIGE TO JUDGE

13      As, as to the State charge, that may be an argument.

14  However, for the, both the firearms and the controlled substance

15  charge -- Well, the firearms is not a, not a, not a Federal First

16  Offender issue anyway, but that there is a controlled substance

17  violation on the Federal side of it, of the house.

18  JUDGE TO COURT CLERK

19      Can I have a long order, please?

20  JUDGE TO MR. GUERRERO

21      All right, I'm ready to rule in this case.  I'm going to

22  sustain the aggravated felony charge based on count 2.  I think

23  that's the strongest thing the Department has, the Section

24  922(g)(3) argument based on the conviction record.  And,

25  unfortunately for the respondent, that brings him out of the

A 43 970 374                    19                    June 22, 2006

1  running to apply for relief from removal.  I was not going to

2  reach the second charge, it, it's less serious, and not reach it

3  for today, for today's purposes.  We don't have a Torture

4  Convention issue here, respondent did designate the Philippines

5  if he has to leave the U.S. on the first -- during the first

6  hearing.  Counsel, does he keep that waiver of Torture

7  Convention?

8  MR. GUERRERO TO JUDGE

9      Yes, Your Honor, there, there is no asylum, there is no

10 Convention against Torture, --

11 JUDGE TO MR. GUERRERO

12     Okay.

13 MR. GUERRERO TO JUDGE

14     -- no withholding.

15 JUDGE TO MR. GUERRERO

16     Okay, now I'm going to put this in a long format if the

17 parties want to reserve appeal.  And if not, if he accepts the

18 decision, then I'll just put it in a short format.  Let's go off

19 the record and you can talk to your client about that.

20                     (OFF THE RECORD)

21                     (ON THE RECORD)                 :

22 JUDGE FOR THE RECORD

23     We are back on the record and all the parties have remained

24 present while I gave the long decision in this case.  I have

25 placed it in a written format to give a copy to the parties.

A 43 970 374                20                June 22, 2006

1   JUDGE TO MR. GUERRERO

2        Does respondent reserve appeal?

3   MR. GUERRERO TO JUDGE

4        Yes, Your Honor.

5   JUDGE TO MR. KANESHIGE

6        Does the Department waive?

7   MR. KANESHIGE TO JUDGE

8        Yes, Your Honor.

9   JUDGE TO MR. TACATA

10       According to my calendar, the appeal must reach the Board of

11   Immigration Appeals in Virginia no later than July 24th, 2006.

12   We will give your lawyer the appeal package and he can help you

13   fill that out and make sure it gets filed on time.  If you don't

14   file it by that date, my order will become a final one.  Now, if

15   in the future you are removed to the Philippines and you come

16   back to the U.S. without permission, you can be criminally

17   prosecuted for reentry after removal.  If you're released and you

18   don't leave on time, you would be ineligible for voluntary

19   departure, cancellation of removal, or adjustment or change of

20   status for ten years, but your more serious problem is that you

21   have this Federal conviction and that would be a, a bar to

22   getting another visa to return to the United States.  Mr.

23   Guerrero is very experienced in this, so he can go over the order

24   and the ramifications with you again later, but I wish you the

25   best of luck in the future.  And the hearing is closed.

1                          <u>HEARING CLOSED</u>

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25