UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE BOARD FOR IMMIGRATION REVIEW
BOARD OF IMMIGRATION APPEALS
FALLS CHURCH, VIRGINIA

|  |  |
|---|---|
| In re:<br><br>ROY TAMAO TACATA,<br><br>Respondent/Appellant. | Case No: A43-970-374<br><br>IN REMOVAL<br>PROCEEDINGS |

RESPONDENT-APPELLANT'S APPEAL OF
THE IMMIGRATION JUDGE'S ORDER OF REMOVAL

RESPONDENT-APPELLANT'S OPENING BRIEF

AND

CERTIFICATE OF SERVICE

Law Offices of Emmanuel G. Guerrero
EMMANUEL G. GUERRERO #5275
568 Halekauwila Street, 2nd Floor
Honolulu, Hawaii 96813
Tel: (808) 532-290
Fax: (808) 545-2628
E-Mail: Attyegg@aol.com

Attorney for Respondent-Appellant
ROY TAMAYO TACATA

**EXHIBIT 6**

## RESPONDENT/APPELLANT'S OPENING BRIEF

## I. INTRODUCTION

This Brief is submitted on behalf of the Respondent-Appellant, ROY TAMAYO TACATA (hereinafter "Respondent"), in support of his appeal of the decision of the Immigration Judge (hereinafter "IJ") dated June 22, 2006, finding that Respondent's conviction under §18 USC 922(g)(3) was an aggravated felony and therefore removable.

## II. ISSUES PRESENTED

A. Whether the IJ erred in determining that the Respondent is removable as charged under INA § 237(a)(2)(iii) based upon Respondent's conviction for violation of 18 USC 922(g) and 924(a)(2)?

## III. SHORT ANSWERS

A. Yes. The record of conviction is too broad to reflect an aggravated felony conviction.

## IV. FACTS

On or about May 8, 2006 Respondent was served with a Notice to Appear charging Respondent with being removable for violation of section 237(a)(2)(E)(iii) of the INA for having an aggravated felony conviction based upon Respondent's conviction under 18 USC §924(g), for being a user of a controlled

2

substance in possession of a firearm.[1]

At the Individual Hearing had on June 2, 2006, the IJ over Respondent's objections and argument, found that Respondent was removable based upon his conviction for violation of 18 USC §922(g)(3) as reflected in Count II of the First Superseding Indictment. It was Respondent's position that the record of conviction was not clear as to whether Respondent's conviction was an aggravated felony as Count II alleged violations of 18 USC §922(g)(3) and §924(a).

## V. ARGUMENTS

**Respondent's record of conviction is too broad, and fails to specify that Respondent's conviction was an aggravated felony.**

Whether a conviction is an aggravated felony, the analytical approach in *Taylor v. United States*, 495 U.S. 575 (1990) is the starting point. Under *Taylor*, it must first be determined under the categorical approach as to whether elements of a predicate offense, the United States Supreme Court directed to "look only to the fact of conviction and the statutory definition of the prior offense." Taylor, 495 U.S. at 602.

In the instant case, the Immigration Judge ("IJ") found that "the Department has met its burden of proof to establish removability on the first charge, that respondent is removable for having been guilty of violation of 18 USC 922(g)(3)."

---

[1] The NTA also alleged removability on additional grounds that Respondent's conviction in (1) Hawaii State Court for Drug Possession and (2) violation of 18 USC §922(j) was an aggravated felony. However, the IJ did not issue a ruling on these issues.

3

(Transcripts of Proceedings (TR) dated June 22, 2006, IJ's Order pp. 3). The IJ's finding is not supported by the record.

The record reflects that Respondent was charged in Count II the First Superseding Indictment with 18 U.S.C. §§ 922(g)(3) and 924(a)(2), being a user of a controlled substance in possession of a firearm. While Respondent concedes that a conviction under 18 U.S.C. §922(g)(3) is an aggravated felony[2], a violation under §924(a) is not an aggravated felony. While §101(a)(43)(E) of the INA makes clear that a conviction under §922(g) an aggravated felony, there is no reference that a violation of §924(a)(2) being defined as an aggravated felony.

## VI. CONCLUSION

Based on the authorities and arguments presented, Respondent respectfully submits that the Honorable Board should vacate the Immigration Judge's Order of Removal.

DATED: Honolulu, Hawaii, 8/23/06

EMMANUEL G. GUERRERO
Attorney for Respondent-Appellant

---

[2] §237(a)(A)(iii) and §101(a)(43)(E) of the INA.

4

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 23, 2005, I served a copy of the foregoing upon the Department of Homeland Security by :

X Mailing a copy by first class mail, postage prepaid to the address set forth below.

___Personally delivering a copy to the person at the address set forth below.

___Transmitting via facsimile at 532-4688.

Department of Homeland Security Address:

District Counsel
Department of Homeland Security
595 Ala Moana Boulevard
Honolulu, Hawaii 96813

I certify under penalty of perjury that the foregoing is true and correct.

_8/23/06_   _____
Date        Signature
            EMMANUEL G. GUERRERO
            Attorney for Respondent-Appellant