No. 06-74578

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

ROY TAMAYO TACATA,
A43 970 374,

Petitioner,

v.

ALBERTO R. GONZALES,
U.S. Attorney General,

Respondent.

RESPONDENT'S MOTION TO DISMISS
FOR LACK OF JURISDICTION
AND
OPPOSITION TO PETITIONER'S MOTION
FOR A STAY OF REMOVAL

The Respondent, Alberto R. Gonzales, Attorney General, through undersigned counsel, hereby moves to dismiss Petitioner Roy Tamayo Tacata's (Tacata) petition for review for lack of jurisdiction. In light of the Court's lack of jurisdiction, respondent opposes Tacata's motion for a stay of removal.

**EXHIBIT 9**

## BACKGROUND

Tacata is a native and citizen of the Philippines. Administrative Record (A.R.) 126. On March 18, 1993, he was admitted to the United States as an immigrant. A.R. 126.

On August 25, 2005, Tacata was convicted in the U.S. District Court of the District of Hawaii for the offenses of possession of and aiding and abetting the possession of a stolen firearm and of being a user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 922(j).[1] A.R.

---

[1] 18 U.S.C. § 922(g)(3) provides, in pertinent part:

>It shall be unlawful for any person who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)) to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(j) provides, in pertinent part:

>It shall be unlawful for any person to receive, possess, conceal, store, barter, sell, or dispose of any stolen firearm or stolen ammunition, or pledge or accept as security for a loan any stolen firearm or stolen ammunition, which is moving as, which is a part of, which constitutes, or which has been shipped or transported in, interstate or foreign commerce, either before or after it was stolen, knowing or having reasonable cause to believe that the firearm or ammunition was stolen.

100-101, 126. Tacata was sentenced to fifteen months confinement in conjunction with these two violations. A.R. 102.

On January 25, 2006, Tacata was convicted, by way of a no contest plea, in the Circuit Court of the First Circuit, State of Hawaii for the offense of promoting a dangerous drug in the third degree, to wit methamphetamine, in violation of Hawaii Revised Statutes § 712-1243.[2] A.R. 111, 126. Tacata received a five-year deferral of further proceedings in conjunction with this conviction and in connection with such deferral received, <u>inter alia</u>, a 240 day term of confinement to run concurrently with the time he was serving in conjunction with the federal conviction, summarized above. A.R. 113.

On June 1, 2006, the Department of Homeland Security (DHS) charged Tacata with being an alien removable from the United States, pursuant to

---

[2] HRS § 712-1243 provides, in pertinent part:

**Promoting a dangerous drug in the third degree.**

(1) A person commits the offense of promoting a dangerous drug in the third degree if the person knowingly possesses any dangerous drug in any amount.

(2) Promoting a dangerous drug in the third degree is a class C felony.

3

INA §§ 237(a)(2)(A)(iii), (a)(2)(B)(i), 8 U.S.C. §§ 1227(a)(2)(A)(iii), (a)(2)(B)(i).[3] A.R. 126. In support of its INA § 237(a)(2)(A)(iii) charge, the DHS alleged that Tacata is an alien who was convicted of an aggravated felony as defined in INA § 101(a)(43)(E), 8 U.S.C. § 1101(a)(43)(E) after admission to the United States because of his August 25, 2005 18 U.S.C. §§ 922(g)(3), (j) firearms convictions. A.R. 126. In support of its INA § 237(a)(2)(B)(i) removability charge, the DHS alleged that Tacata is an alien who was convicted of a crime relating to a controlled substance, other than a single offense involving possession of his own use of 30 grams or less of marijuana because of his January 25, 2006 HRS § 712-1243 drug conviction. A.R. 126.

Tacata appeared before an immigration judge. A.R. 67-90. Before the immigration judge, Tacata admitted to the INS' alienage and admission to the United States charges but contested the criminal alien removability charges and his removability from the United States. A.R. 69, 77.

---

[3] INA § 237(a)(2)(A)(iii) provides that an alien is removable from the United States, if he is convicted of an aggravated felony at any time after admission to the United States.

INA § 237(a)(2)(B)(i) provides that an alien is removable from the United States if he is convicted of a crime relating to a controlled substance at any time after admission to the United States.

4

In a June 22, 2006 decision, the immigration judge sustained the INA § 237(a)(2)(A)(iii) aggravated felony removability charge, as it pertained to Tacata's 18 U.S.C. § 922(g)(3) firearms conviction. A.R. 64, 87. The immigration judge found it unnecessary to reach the DHS' INA § 237(a)(2)(B)(i) crime relating to a controlled substance removability charge. A.R. 65, 88.

On July 13, 2006, Tacata filed an appeal with the Board of Immigration Appeals (Board), challenging the immigration judge's decision. A.R. 44. Before the Board, Tacata argued that the provisions governing his federal convictions were "too broad" to "establish that [his] conviction was an aggravated felony." A.R. 44. On August 31, 2006, the Board affirmed the immigration judge's decision without opinion. A.R. 2.

Tacata's petition for review currently pending before the Court followed. Tacata's petition includes a one sentence request for a stay of removal.

## ARGUMENT

**I.   INA § 242(a)(2)(C) RESTRICTS THE COURT'S JURISDICTION OVER THE PETITION FOR REVIEW BECAUSE TACATA IS A CRIMINAL ALIEN AND DOES NOT RAISE A COLORABLE CONSTITUTIONAL OR LEGAL QUESTION**

The Court's jurisdiction over challenges to removal orders by certain enumerated classes of criminal aliens is restricted. See INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), as amended by the REAL ID Act of 2005, H.R. 1268,

109th Cong. (2005) (enacted), Pub. L. No. 109-13, Div. B, 119 Stat. 231 ("REAL ID Act"); [4] Calcano-Martinez, et al. v. INS, 533 U.S. 348 (2001). Notwithstanding the language of INA § 242(a)(2)(C), the Court's retention of jurisdiction to determine whether it has jurisdiction over a particular matter, now includes the authority to determine whether an alien has raised a colorable constitutional claim or a question of law. REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, Section 106(a)(1)(found in INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D)) explicitly provides that, notwithstanding the criminal alien jurisdictional bar, the Court retains jurisdiction over constitutional and legal questions; Aguiluz-Arellano v. Gonzales, 446 F.3d 980, 982 (9th Cir. 2006) (recognizing that "by this [REAL ID] amendment, Congress restored judicial review of constitutional claims and

---

[4] INA § 242(a)(2)(C), as amended by the REAL ID Act § 106 provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in [INA] section 212(a)(2) or 237(a)(2)(A)(iii), (B), (C), or (D) [8 U.S.C. § 1227], or any offense covered by section 237(a)(2)(A)(ii) for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 237(a)(2)(A)(i).

6

questions of law presented in petitions for review of final removal orders." (footnote omitted)); Randhawa v. Ashcroft, 298 F.3d 1198, 1152 (9th Cir. 2002) (recognizing pre-REAL ID that the Court "retain[s] jurisdiction to determine whether IIRIRA's jurisdictional bar applies [because the Court has] jurisdiction to determine whether [a petitioner's] offense qualifies as an aggravated felony and consequently deprives [the Court] of jurisdiction under IIRIRA"). Accordingly, in reviewing a criminal alien's petition, the Court considers whether a petitioner before it is (1) an alien, (2) who is removable, (3) by reason of having committed a criminal offense covered in the INA and whether such petitioner has raised a colorable constitutional or legal claim. INA §§ 242(a)(2)(C), (a)(2)(D); Randhawa, 298 F.3d at 1152; Martinez-Rosas v. Gonzales, 424 F.3d 926, 929 (9th Cir. 2005).

INA § 101(a)(43)(E)(ii), the pertinent portion of the INA's aggravated felony definition here, specifically provides that an 18 U.S.C. § 922(g)(3) firearms conviction is a conviction for an aggravated felony. It is undisputed that the record contains a conviction document showing that Tacata was convicted of an 18 U.S.C. § 922(g)(3) firearms violation. Tacata was, therefore, convicted of a crime which, pursuant to INA § 101(a)(43)(E)(ii), is a per se aggravated felony conviction. See Martinez-Rosas, 424 F.3d at 929; Fernandez-Ruiz, 410 F.3d at

587.

In his September 21, 2006 petition for review, which includes a stay of removal request, Tacata: (1) does <u>not</u> articulate a challenge to the DHS' INA § 237(a)(2)(A)(iii) removability charge; (2) does <u>not</u> raise a legal issue; and (3) does <u>not</u> raise a constitutional issue. In fact, Tacata's petition does not articulate <u>any</u> particular challenge to the immigration judge's decision. Furthermore, neither the Court's docket nor this Office's records reflects that Tacata followed through with his represented intent to "duly file a Supplemental Memorandum in Support of his Motion for Stay . . .". In light of this void of challenges to the immigration judge's decision, Tacata raises <u>neither</u> an issue involving the immigration judge's findings as to (1) alienage, (2) removability, or (3) commission of criminal offenses on the basis of which an alien can be removed <u>nor</u> a colorable constitutional or legal question over which this Court could potentially exercise its authority. <u>Randhawa</u>, 298 F.3d at 1152; <u>accord</u> <u>Notash v. Gonzales</u>, 427 F.3d 693, 695-96 (9th Cir. 2005) (citing to <u>Carty v. Ashcroft</u>, 395 F.3d 1081, 1083 (9th Cir. 2005).

Accordingly, the Court should dismiss the instant case for lack of jurisdiction because Tacata is removable for a crime which limits the Court's jurisdiction under INA § 242(a)(2)(D). <u>Radhawa</u>, 298 F.3d at 1152; <u>Notash</u>,

427 F.3d at 695-96.

## II. TACATA'S MOTION FOR A STAY OF REMOVAL MUST BE DENIED BECAUSE TACATA CANNOT DEMONSTRATE A LIKELIHOOD OF SUCCESS ON THE MERITS, WHERE THE COURT LACKS JURISDICTION OVER HIS PETITION FOR REVIEW

Pursuant to INA § 242(b)(3)(B), 8 U.S.C. § 1252(b)(3)(B), the filing of a petition for review does not automatically preclude the Government from removing an alien. In order to procure a stay of removal, a petitioner must demonstrate that he merits such a stay. See INA § 242(b)(3)(B); Andreiu v. Ashcroft, 253 F.3d 477 (9th Cir. 2001) (en banc) (holding that the standards articulated in Abbassi v. Ashcroft, 143 F.3d 513 (9th Cir. 1998) apply in removal proceedings). Thus, a request for a stay is adjudicated using the same standards applied in adjudicating a motion for preliminary injunctive relief. See INA § 242(b)(3)(B); Andreiu, 253 F.3d at 477.

A petitioner seeking a stay of removal, such as Tacata, must show "either probability of success on the merits and the possibility of irreparable injury, or that serious legal questions are raised and the balance of hardships tips sharply in his favor." Abbassi, 143 F.3d at 513. A failure to show either a probability of success or that a serious legal question is raised constitutes a failure under Abbassi.

It is fundamental that a court cannot reach the merits of a case, where it does

not have jurisdiction. See, e.g., Steel Co. v. Citizens for a Better Environment, 532 U.S. 83, 94 (1998). Consequently, an alien is precluded from showing that he merits a stay, where he cannot show that this Court has jurisdiction.

As noted earlier, in the instant case this Court's jurisdiction is restricted because Tacata is a criminal alien. Because Tacata fails to challenge the immigration judge's finding as to (1) his alienage, (2) his removability, or (3) his commission of certain criminal offenses set out in the INA and he fails to raise a colorable constitutional or legal claim, the Court has no jurisdiction to review his petition for review and, therefore, Tacata cannot prevail on the merits or raise a serious legal question. Accordingly, the Court should deny Tacata's stay motion. See Abbassi, 143 F. 3d at 513.

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss the petition for review for lack of jurisdiction and deny Tacata's request that it [the Court] deny his motion for a stay of removal.

                              Respectfully submitted,

                              PETER D. KEISLER
                              Assistant Attorney General

                              DAVID V. BERNAL
                              Assistant Director

                              _____

                              MARGARET KUEHNE TAYLOR
                              Attorney, Office of Immigration Litigation
                              Civil Division, U.S. Department of Justice
                              P.O. Box 878, Ben Franklin Station
                              Washington, D.C. 20004

                              Telephone: 202/616-9323

December 8, 2006              Attorneys for Respondent

## CERTIFICATE OF SERVICE

I hereby certify that one copy of the foregoing **RESPONDENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION AN OPPOSITION TO PETITIONER'S MOTION FOR A STAY OF REMOVAL** was served on petitioner's counsel by placing same in the United States Department of Justice mail room for same day mailing, postage prepaid, on December 8, 2006, addressed to:

>EMMANUEL G. GUERRERO
>Law Offices of Emmanuel G. Guerrero
>The Second Floor
>568 Halekauwila Street
>Honolulu, Hawaii 96813

>_____
>MARGARET KUEHNE TAYLOR, Attorney