IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROY T. TACATA (02),<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>UNITED STATES OF AMERICA;<br>JOHN RATHMAN, Warden of the<br>Honolulu Federal Detention<br>Center<br><br>　　　　Respondents.<br>_____ | Crim. No. 05-00030 SOM (02)<br>Civ. No. 07-00008 SOM/LEK<br><br><br>ORDER CONTINUING HEARING ON<br>PETITION FOR WRIT OF HABEAS<br>CORPUS PURSUANT TO 28 U.S.C.<br>§ 2255 AND ORDER REQUESTING<br>SUPPLEMENTAL BRIEFING |

ORDER CONTINUING HEARING ON PETITION
FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255
AND ORDER REQUESTING SUPPLEMENTAL BRIEFING

　　　　Roy T. Tacata seeks relief under 28 U.S.C. § 2255 ("Petition"), arguing that his guilty plea was involuntary because the Magistrate Judge who took his plea did not advise him that he would automatically be removed from the country as a consequence of his guilty plea.  It appears that Tacata is also saying that his attorney was ineffective because she, too, did not advise him that his guilty plea would automatically result in his removal from the country.

　　　　The Federal Courthouse has been closed for most of this week due to water damage.  Given this closure and the supplemental briefing requested below, the court continues the hearing on the Petition from Monday, March 12, 2007, to May 7, 2007, at 11:15.

The court requests supplemental briefing on two issues. First, the court requests briefing on the applicability of the one-year limitation period set forth in § 2255:

> The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
>     . . . [or]
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The court also requests supplemental briefing on Tacata's claim that his counsel was ineffective. The Petition does not clearly set forth the facts upon which this claim is based. The court cannot tell from the Petition what Tacata alleges his counsel told him or did not tell him about his removal. Tacata is asked to clarify the factual basis for his ineffective assistance of counsel claim. The parties are then asked to submit supplemental briefing discussing whether the clarified facts demonstrate ineffective assistance of counsel. The court is particularly interested in whether Tacata suffered prejudice by his counsel's conduct. In any discussion of prejudice, the parties should discuss <u>United States v. Amador-Leal</u>, 276 F.3d 511 (9th Cir. 2001), which held that, even though an noncitizen who pleads guilty to an aggravated felony is

"virtually certain" to be removed from the country, the court need not inform the defendant during a Rule 11 colloquy that removal is automatic; approving of judges informing the defendant during the Rule 11 colloquy that he "may" be removed from the country.

      Tacata's supplemental brief shall be filed no later than March 26, 2007.  The Government's supplemental brief shall be filed no later than April 16, 2007.

      IT IS SO ORDERED.

      DATED:  Honolulu, Hawaii, March 9, 2007.



_____
Susan Oki Mollway
United States District Judge

Roy T. Tacata v. United States of America, et al., Crim. No. 05-00030 SOM (02) and Civ. No. 07-00008 SOM/LEK; ORDER CONTINUING HEARING ON PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255 AND ORDER REQUESTING SUPPLEMENTAL BRIEFING