# ORIGINAL

Law Offices of Emmanuel G. Guerrero, LLLC
**EMMANUEL G. GUERRERO #5275**
345 Queen Street, Suite 600
Honolulu, Hawaii 96813
Tel: (808)532-2950
Fax: (808)545-2628
E-Mail: Attyegg@aol.com



ATTORNEY FOR PETITIONER
ROY TAMAYO TACATA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROY TAMAYO TACATA, | ) | CV. No. 07-00008 SOM |
| | ) | CR. No. 05-00030 SOM |
| Petitioner, | ) | |
| | ) | PETITIONER'S SUPPPLEMENTAL |
| vs. | ) | BRIEF IN SUPPORT OF |
| | ) | PETITION; EXHIBITS "A" - "B"; |
| UNITED STATES OF AMERICA, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| JOHN RATHMAN, | ) | |
| Warden of the Honolulu Federal | ) | HEARING DATE: May 7, 2007 |
| Detention Center, | ) | HEARING TIME: : 11:15 AM |
| | ) | JUDGE: Hon. SUSAN OKI |
| Respondents. | ) | MOLLWAY |
| | ) | |

**PETITIONER'S SUPPLEMENTAL BRIEF IN SUPPORT OF PETITION**

COMES NOW Petitioner, ROY TAMAYO TACATA, (hereinafter

"Petitioner"), by and through his undersigned counsel, EMMANUEL G.

GUERRERO, respectfully submits this instant supplemental brief in support of his

Petition for Writ of Habeas Corpus duly filed on January 9, 2007, as ordered by

this Honorable Court on March 9, 2007, on the issues of (1) the applicability of the one-year limitation pursuant to 28 U.S.C. §2255[1], and (2) clarification on Petitioner's claim of ineffective assistance of counsel.

## 1. TIME LIMITATION OF 28 U.S.C. §2255

In general, §2255 petitions must be filed within one (1) year from the final date on which the judgment became final. 28 U.S.C. §2255(1); *Clay v. USA*, 537 U.S. 522, 123 S.Ct. 1072 (2003). The time limitation, however, is extended to one year from "the date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C §2255(4). It is Petitioner's position that this Court has jurisdiction to hear the instant petition as the filing of his petition was within one year from the date that Petitioner discovered facts supporting his claims, through the exercise of due diligence.

Petitioner acknowledges that the judgment of conviction became final on August 25, 2005, and that Petitioner is barred from asserting jurisdiction under §2255(1) **after** August 25, 2006. Petitioner does not assert jurisdiction under this section. Petitioner asserts jurisdiction under §2255(4), as Petitioner became aware

---

[1] This Court also ordered the parties to discuss *United States v. Amador-Leal*, 276 F.3d 511 (9th. Cir. 2001), which reaffirmed the holding that deportation consequences as a result of a plea is collateral, and therefore is not a required colloquy pursuant to Rule 11 of the FRCP. The *Amador-Leal* Court recognized, however, that some trial courts do engage in such a colloquy and commends the trial court.

Petitioner, as he has stated in his initial filing of his petition, agrees with *United States v. Amador-Leal* that the trial court is not required to inform Petitioner of immigration consequences; Petitioner's position, however, that once the trial court proceeded with such a colloquy, the information must be correct, and that any incorrect information results in the plea not being voluntarily made in accordance with Rule 11(b)(2) of the FRCP.

2

of the claims supporting the instant petition on or about June 1, 2006, and that only on or about December 8, 2006 did Petitioner only become certain of his claims stated in this instant petition.

Petitioner acknowledges, as recognized from Respondents[2], that prior to the filing of the instant petition on January 9, 2007, Petitioner had "affirmatively and vigorously opposed [Petitioner's] deportation" before the Immigration Court ("IC"), the Board of Immigration Appeals ("BIA") and the Ninth Circuit Court of Appeals, with the assertion that his conviction was not an aggravated felony. (see page 10 of Respondent's Opposition to Petitioner's Writ of Habeas Corpus ("Opposition")).  Respondent argues that Petitioner is now "estopped from even making . . . in his habeas petition." Id. at page 11.

Respondent misconstrues Petitioner's challenges to his deportation. Petitioner argued before the Immigration Court ("IC") and the BIA that under *Taylor v. United States*, 495 U.S. 575 (1990), the record of conviction[3] was too broad and encompassed both aggravated felony conviction and a non-aggravated felony offense, and therefore Petitioner was not deportable.  As Petitioner argued before the BIA in his Brief: "The record reflects that Respondent was charged in Count II the First Superseding Indictment with 18 U.S.C. §§ 922(g)(3) and

---

[2] See Government's Opposition to the Instant Petition for Writ of Habeas Corpus filed on February 6, 2007.

[3] The DHS submits evidence of conviction such as, but not limited to, the Judgment, Plea Agreement, Indictment, and any other evidence establishing the conviction of Petitioner

924(a)(2), being a user of a controlled substance in possession of a firearm. While Respondent concedes that a conviction under 18 U.S.C. §922(g)(3) is an aggravated felony, a violation under §924(a) is not an aggravated felony." See Petitioner's Opening Brief to the BIA located and attached as Exhibit "6" to Govt's Opposition.

The BIA disagreed with Petitioner and affirmed the IC's order of deportation without opinion. On September 21, 2006, Petitioner appealed to the Ninth Circuit Court. On December 8, 2006, the Government moved to dismiss the petition on the basis of lack of jurisdiction. After careful review of the Government's motion, it became abundantly clear that the Government's motion would be granted, and as a result it was at this point that Petitioner filed the instant petition for writ of habeas corpus on January 9, 2007. On February 27, 2007, the Ninth Circuit granted the Government's Motion and dismissed Petitioner's Ninth Circuit Petition. (See Exhibit "A").

It is Petitioner's position that this Court has jurisdiction under §2255(4) to review this instant petition, because Petitioner only became aware of the facts supporting his claims no earlier than June 1, 2006. Prior to June 1, 2006, Petitioner was unaware of the basis for his claims as set forth in this petition.

For example, on August 22, 2005, this Court sentenced Petitioner to 15 months of imprisonment. On February 10, 2006, Petitioner completed his jail

term, and was turned over to the State of Hawaii for unrelated charges. The State of Hawaii, thereafter released Petitioner. On or about June 1, 2006, Petitioner was arrested by the DHS. It was then, on June 1, 2006, when the DHS issued the detainer against Petitioner, wherein the DHS sought to remove and deport Petitioner on the strength of his convictions in this Court, to wit having an aggravated felony conviction, and therefore subject to deportation. It was then, and only then, that the Petitioner became aware that as a consequence of his guilty pleas, he unknowingly subjected himself to certain deportation.

Petitioner immediately requested the Transcripts of the Proceedings of the Petitioner's Change of Plea, to determine whether Petitioner's pleas were voluntarily entered as Petitioner was of the belief that the Court informed him that he "might" be deported.

On December 8, 2006, the Government filed its Motion to Dismiss for lack of jurisdiction, and it became clear that the Government's position was supported by law, and this instant petition was filed on January 9, 2007, well within one (1) year of June 1, 2006 (i.e. June 1, 2007).

## 2. INEFFECTIVE ASSISTANCE OF COUNSEL

According to Petitioner, on or about January 12, 2005, he was indicted and arrested for the one offense of violating 18 U.S.C §§ 922(j), 2 and 924 (a) for

Possession of and Aiding and Abetting the Possession of a Stolen Firearm[4]. Sometime thereafter, Petitioner apprised his trial counsel that he was not a United States citizen, and that his status was that of a Lawful Permanent Residence.

On or about February 23, 2005, the Government filed a 2-Count Superseding Indictment against Petitioner adding the second charge of violating 18 U.S.C. §§922(g)(3) and 924(a)(2) for being a User of Controlled Substance in Possession of a Firearm, in addition to the original charge. The second, and new charge, was based, in part, on Petitioner's statement to law enforcement that he was a user of the illicit drug methamphetamine. (See Exhibit "B").

On March 18, 2005, Petitioner pleaded guilty as charged to both counts in the Superseding Indictment.

Based upon Petitioner's guilty plea to the Second Count of the Superseding Indictment, Petitioner was ordered deported by the Immigration Court to the Philippines for having been convicted of an aggravated felony. (See previous argument).

It is Petitioner's position that his trial counsel was ineffective based upon the following factors:

---

[4] Co-Defendant Sherwin Diaz was also charged, subsequently pleading guilty and is not a part of this instant petition.

1. Trial Counsel was made aware that Petitioner was not a United States citizen ("USC") and that his status was that of a lawful permanent resident.

2. That Petitioner was originally charged only with the offense of possessing a stolen firearm in violation of 18 U.S.C §§ 922(j), **2** and 924 (a), and that said offense is not an aggravated felony for purposes of Petitioner's immigration status.[5]

3. That had Petitioner plead guilty to the original charge prior to the Superseding Indictment, said conviction may not subject Petitioner to deportation, as a conviction for §922 (2) is not an offense described in the INA as an aggravated felony.[6]

4. That as soon as trial counsel was informed that Petitioner was not a USC, trial counsel should have advised Petitioner to consult with an attorney with experience in immigration matters.

5. That had an immigration attorney been consulted, Petitioner would have been advised to plead guilty immediately to the One-Count Indictment.

---

[5] At his deportation Hearing, the Immigration Judge, after finding and ruling that Count 2 an aggravated felony, did not rule on whether this conviction was an aggravated felony. Petitioner argued that the record of conviction contained section "2" and that said section is not part of the definition of an aggravated felony under the INA, and therefore is not an aggravated felony under the *Taylor v. USA* analysis.

[6] See §101(a)(43)(E)(ii) of the INA.

7

6. Rather, trial counsel advised Petitioner to plead guilty to both counts of the Superseding Indictment, without Petitioner being first apprised pleading guilty to the added charge of User of a Controlled Substance in Possession of a Firearm is an aggravated felony, and would result in his deportation.[7]

Based upon all of those factors, it is Respondent's position that his trial counsel was ineffective for failing to properly advise Petitioner to seek an attorney in the filed of Immigration for further legal advice as to immigration consequences. Had an immigration attorney been consulted, Petitioner could have pleaded guilty to the one count as originally charged in the initial Indictment, thereby avoiding the filing of Superseding Indictment, and therefore would not subject Petitioner to deportation.

DATED: Honolulu, Hawaii, March 26, 2007.

Respectfully Submitted,

_____
EMMANUEL G. GUERRERO
Attorney for Petitioner

---

[7] See §101(a)(43)(E)(ii) of the INA.