EDWARD H. KUBO, JR. # 2499
United States Attorney
District of Hawaii

MARSHALL SILVERBERG # 5111
Assistant U.S. Attorney
Room 6100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Marshall.Silverberg@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROY TAMAYO TACATA, | ) | CV. NO. 07-00008 SOM |
| | ) | CR. NO. 05-00030 SOM |
| Petitioner, | ) | |
| | ) | THE UNITED STATES OF AMERICA'S |
| vs. | ) | SUPPLEMENTAL MEMORANDUM IN |
| | ) | OPPOSITION TO THE PETITION FOR |
| UNITED STATES OF AMERICA; | ) | A WRIT OF HABEAS CORPUS |
| JOHN RATHMAN, Warden of the | ) | PURSUANT TO 28 U.S.C. § 2255; |
| Honolulu Federal Detention | ) | CERTIFICATE OF SERVICE; |
| Center | ) | EXHIBIT "1" |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

**THE UNITED STATES OF AMERICA'S SUPPLEMENTAL
MEMORANDUM IN OPPOSITION TO THE PETITION FOR WRIT
OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255**

On March 9, 2007, this Court filed an Order requesting supplemental briefing on two issues: (1) whether the petition for habeas relief was untimely filed; and (2) whether Tacata's counsel was ineffective at the time Tacata pleaded guilty. The United States responds as follows.

**I.   The Petition Was Untimely Filed**

As the court notes, a § 2255 habeas petition has a one-year statute of limitations.  There are four different ways of calculating the limitations period set forth in the statute.  In particular, it provides:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of-
>
>    (1) the date on which the judgment of conviction becomes final;
>
> \*    \*    \*    \*
>
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

"Section 2255(4) is not a tolling provision that extends the length of the available time . . . [but] rather . . . resets the limitations period's beginning date, moving it from the time when the conviction became final . . . to the later date on which the particular claim accrued."  *Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000).  Under this provision the limitations period begins to run "on the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255(4) (emphasis added).

According to Tacata (in his "Supplemental Brief"), the time period did not begin to run until June 1, 2006, when he was

2

arrested by the Department of Homeland Security for purposes of removal/deportation.  Tacata Br. at 5.  It was only then, according to Tacata, that he became aware that as a consequence of his guilty plea that he was subject to deportation.  *Id.*

       Tacata, of course, ignores that he was put on actual notice by the Court on March 18, 2005, that he might be deported if he pleaded guilty as charged.  As Magistrate Judge Chang stated: "Do you understand that a conviction in this case might affect your right to remain in the country?"  Tacata replied, "Yes, your Honor."  See Petition, Exh. B at 8.  We submit that at that time, Tacata had knowledge of the facts supporting his possible deportation, thereby triggering the one-year limitation period set forth in 28 U.S.C. § 2255(4).

       That was exactly the Court's holding in *Salama v. United States*, 2005 WL 1661830 (E.D.N.Y. 2005), an unpublished district court decision from the Eastern District of New York (attached hereto as Exhibit 1).  There, like here, the defendant was an alien who pleaded guilty to an "aggravated felony" which requires deportation.  There, like here, the Magistrate Judge who presided over the change of plea colloquy informed the defendant that he might be deported as a consequence of his guilty plea.  Eighteen months later, the defendant was sentenced to five years of probation.  He did not file a notice of appeal.

3

Subsequently, the defendant attempted to renew his green card. Instead of receiving that renewal, he was taken into custody of the INS for purposes of deportation. The defendant later filed a section 2255 motion challenging the validity of his guilty plea based on alleged ineffective assistance of counsel and an alleged deprivation of due process because the Magistrate Judge did not warn him of the mandatory deportation consequences of his guilty plea. The government argued that the petition was untimely because it was filed more than a year after the defendant's conviction had become final. The defendant countered that the period of limitations did not begin to run, under section 2255(4), until after he was arrested by the INS and he learned that the INS had initiated removal proceedings.

The court rejected that argument. It agreed with the government that the defendant learned, *at the latest*, during his change of plea hearing that he could be deported after he was sentenced. "Although he may have chosen to make no inquiry into the magistrate's statements, Petitioner entered his guilty plea knowing that his plea could subject him to deportation." Exhibit 1 at page 5. The court thus found that "the relevant event triggering due diligence regarding Petitioner's ineffectiveness claim is the plea hearing during which Petitioner was informed of the possibility of his deportation." *Id.* at 5-6.

Likewise, here, Tacata learned at his change of plea hearing that he could be deported by entering his guilty pleas. That occurred on March 18, 2005, and for purposes of applying § 2255(4), that is the triggering date. Tacata's petition was not filed on or before March 18, 2006, and, consequently, it was not timely filed under § 2255(4).

Indeed, because Tacata's conviction did not become final until after March 18, 2005, *that* becomes the triggering date for determining whether it was timely filed within one year. See 28 U.S.C. § 2255(1). Tacata's Judgment of Conviction was filed on August 25, 2005. His ten-day period for filing a direct appeal expired on September 6, 2005, and his one-year time period for filing a section 2255 petition expired on September 6, 2006.[1] Therefore, Tacata's petition, which was not filed until January 9, 2007, is untimely and should be dismissed.

## II.  Tacata Received Effective Assistance of Counsel

This Court, in its Order filed on March 9, 2007, also asked for Supplemental Briefing on "what Tacata alleges his counsel told him or did not tell him about removal."  The Order

---

[1] We realize that in our initial memorandum in opposition to Tacata's 2255 petition, we stated that the triggering event was the date the judgment of conviction was filed and not the ten-day appeal window which followed. In preparing this supplemental memorandum, we learned that the time clock did not begin to run until after the ten-day appeal window had closed. *See generally United States v. LaFromboise*, 427 F.3d 680 (9th Cir. 2005). We apologize for the misstatement in our initial memorandum.

5

then directed Tacata "to clarify the factual basis for his ineffective assistance of counsel claim." Order at 2.

We do not believe that Tacata's Supplemental Brief adequately addresses this issue. It does not include a declaration from either Tacata or his counsel regarding what she told him about possible deportation if he pleaded guilty.

Assuming, *arguendo*, that Tacata's counsel said nothing about possible or mandatory deportation, that, by itself, does not mean that Tacata received ineffective assistance of counsel. That issue has been definitively resolved by the Ninth Circuit in *United States v. Fry*, 322 F.3d 1198 (9th Cir. 2003), which held:

> counsel's failure to advise a defendant of collateral immigration consequences of the criminal process does not violate the Sixth Amendment right to effective assistance of counsel.

*Id.* at 1200. Thus, even if Tacata's counsel did not give him any advice regarding the possibility that he might be deported if he pleaded guilty, under *Fry* it does not mean that Tacata received ineffective assistance of counsel.

Moreover, even assuming *arguendo* that failure to caution Tacata about possible or mandatory deportation constituted ineffective assistance of counsel, such inaction did not prejudice Tacata because the *Court* cautioned him that a guilty plea could lead to his deportation. At that point, Tacata was put on actual notice of what might happen and he nevertheless chose to proceed with his guilty plea.

6

In sum, neither prong established in *Strickland v. Washington*, U.S. 668, 687 (1984), has been satisfied.

### III. **Conclusion**

Tacata's petition was filed more than one year after his conviction became final and, as such, was untimely under the AEDPA.  This Court need consider the matter no further.  If it does, even assuming that Tacata's counsel said nothing about possible deportation if he pleaded guilty, such consequences are collateral and not indicative of ineffective assistance of counsel under *Fry*.

Tacata received due process and then some.  Although the Magistrate Judge did not have to inform Tacata of the potential collateral immigration consequences of his guilty plea, *see United States v. Amador-Leal*, 276 F.3d 511, 516 (9th Cir. 2002), the fact that he gave him such an additional caution was consistent with the law.  *See id.; Resendiz v. Kovensky*, 416 F.3d 952, 957 (9th Cir. 2005) ("Whether an alien will be removed is still [after AEDPA and IIRIRA] up to the INS.").  Therefore, the petition should be dismissed.

Dated: April 16, 2007, at Honolulu, Hawaii.

>
>EDWARD H. KUBO, JR.
>United States Attorney
>District of Hawaii
>
>By: /s/ Marshall Silverberg
>MARSHALL SILVERBERG
>Assistant U.S. Attorney

CERTIFICATE OF SERVICE

      I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically through CM/ECF:
    EMMANUEL G. GUERRERO                  attyegg@aol.com

    Attorney for Petitioner
    ROY TAMAYO TACATA

Served by first-class mail:

    NATALIE WIGHT
    c/o Warden John Rathman
    Federal Detention Center
    351 Elliot Street
    Honolulu, Hawaii 96819

      DATED:  April 16, 2007, at Honolulu, Hawaii.


                                              /s/ Cheri Abing